JOHN L. ASHBY AND CORNELIA G. ASHBY, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

ASHBY, INC., PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 3899-66, 3900-66.    Filed May 29, 1968.

*David S. Gifford*, for the petitioners.
*Joseph M. Abele*, for the respondent.

ATKINS, *Judge:* The respondent determined deficiencies in income tax against the corporate petitioner for the taxable years ended March 31, 1963, and March 31, 1964, in the respective amounts of $2,172.54 and $9,363.95. He determined deficiencies in income tax against the individual petitioners for the taxable years 1962 and 1963 in the respective amounts of $3,964.58 and $8,654.50.

The parties stipulated the amount of the deficiency due from the individual petitioners for the taxable year 1962 and the amount of the deficiency due from the corporate petitioner for the taxable year ended March 31, 1963. The parties have also settled by agreement some of the issues raised with regard to the taxable year 1963 of the individual petitioners and with regard to the taxable year ended March 31, 1964, of the corporate petitioner. There remains for consideration with respect to the corporate petitioner whether the respondent erred in disallowing for the taxable year ended March 31, 1964, deductions claimed for depreciation and repairs and maintenance of a boat owned by it, for expenses of entertainment in connection with which the boat was used, and for dues and subscriptions paid to certain clubs. There also remains for consideration the question whether the individual petitioners received in their taxable year 1963 constructive dividends from the corporation in an amount equal to the above items and boat interest expense expended or incurred by the corporation during the period April 1, 1963 through December 31, 1963.

### FINDINGS OF FACT

Some of the facts have been stipulated and the stipulations are incorporated herein by this reference.

The petitioner Ashby, Inc. (hereinafter referred to as the corporation), was incorporated on September 30, 1946, under the laws of the State of Pennsylvania. Its principal office at the time the petition herein was filed was at Erie, Pa. It is engaged in the business of printing, lithographing, binding, publishing, making photo-offset plates, assembling and selling books, calendars and promotional materials, and operating a general printing business. It filed its Federal income tax return for the taxable year ended March 31, 1964, with the district director of internal revenue, Pittsburgh, Pa.

The petitioners John L. Ashby and Cornelia G. Ashby, husband and wife, filed a joint Federal income tax return for the taxable year 1963 with the district director of internal revenue, Pittsburgh, Pa. They resided in Erie, Pa., at the time the petition herein was filed. Since Cornelia G. Ashby is a party herein only because she filed a joint return, John L. Ashby will hereinafter be referred to as the petitioner.

The petitioner is, and was during the period involved herein, president of the corporation, its sales manager, and the owner of over 98 percent of its outstanding stock.

On July 20, 1961, the corporation purchased a secondhand boat, the *Jed III*, for $60,000. It is documented through the U.S. Customs Service and is identified as a 55-foot Chris Craft Constellation. It can carry a total of 28 persons, and has sleeping accommodations for 10 persons. It is registered as the property of the corporation. The

petitioner is the boat's master, acts as its engineer, and operates it without any crew assistance. He is the only employee of the corporation allowed to run the boat.

The *Jed III* is kept at the Erie Yacht Club, Erie, Pa., during the boating season, being laid up in the main building at Lund's Boat Works the rest of the time. Petitioner lives within 5 minutes' driving time of the Erie Yacht Club, and is a member of such club. In addition, he is a member of Port Dover Yacht Club of Port Dover, Ontario, Canada, Zem Zem Temple (Masonic Shrine), Kahkwa Club (a golf club with facilities for swimming and tennis), and the Erie Club and Aviation Country Club, both private dining clubs.

Petitioner has had a personal interest in boats and has enjoyed operating them for a number of years. Prior to the purchase of the *Jed III* by the corporation, he had individually owned a number of yachts and boats. In 1948 he bought a 30-foot boat for the use of his family. However, he took guests out on the boat and, found this to be helpful in his business. Subsequently, he bought a 36-foot boat and after that a secondhand 46-foot boat. Then the *Jed III* was purchased by the corporation.

In the calendar year 1963 the boat was launched on May 3 and was laid up ashore on November 2. During that period the petitioner frequently used the boat to entertain various guests. The guests included personal friends of the petitioner and persons who represented companies which had done or later did business with the corporation. Generally, the petitioner took the guests for rides on the boat and sometimes served food and drink aboard. Sometimes the boat would be used to travel to some point at which guests would be entertained ashore at lunch or dinner. The boat was used on one day for a meeting of the sales personnel of the corporation and on another day for entertainment of the corporation's employees. Occasionally, when the boat was docked, petitioner's friends would visit him aboard the boat and play cards.

The petitioner kept weekly expense reports in which he made entries at the end of each week showing the dates on which the boat was used, the names of the guests entertained, and the amount of expense incurred for the entertainment. Such reports show that the boat was used on 68 days during the period May 3 to November 2, 1963. However, except for the two instances when the personnel of the corporation were aboard, such reports do not show whether any of the guests had any business relationship to the corporation, nor does it show the nature of any discussions held between any of the guests and the petitioner or any other representative of the corporation.

In its return for the taxable year ended March 31, 1964, the corporation claimed deductions of $5,400 for depreciation on the boat,

$8,999.46 for repairs and maintenance of the boat,[1] $100 and $25 for dues paid to the Erie Yacht Club and the Harbor Island Club, respectively, $1,547.71 for entertainment in connection with which the boat was used, and $1,174.26 for boat interest expense. In such return the corporation reported earned surplus and undivided profits as of the beginning and end of its taxable year ended March 31, 1964, in the respective amounts of $125,109 and $137,833.

In the notice of deficiency mailed to the corporation the respondent disallowed entirely the deductions claimed for depreciation and repairs and maintenance on the boat. He also disallowed the sum of $125 claimed for dues and subscriptions paid to the Erie Yacht Club and the Harbor Island Club, and disallowed $840.41 of the amount of $1,547.71 claimed for entertainment in connection with which the boat was used. He also disallowed the above-claimed interest deduction of $1,174.26, but on brief has conceded that such amount is deductible.

In the notice of deficiency mailed to the individual petitioners the respondent determined that they had received additional income in their taxable year 1963 "representing personal expenditures paid in your behalf" by the corporation during the calendar year 1963, which included among other things, certain items expended or incurred by the corporation in connection with the boat, and for entertainment in connection with which the boat was used. The parties have stipulated to an amount of income received by the individual petitioners from the corporation during their taxable year 1963, and have further stipulated that the following items, which respondent determined constituted additional income received by them from the corporation in the taxable year 1963, are in dispute:

| | |
|---|---:|
| Boat repair and maintenance expenditures during the period Apr. 1, 1963, through Dec. 31, 1963 | $6, 021. 64 |
| Boat depreciation ($9/12$ of the $5,400 depreciation deducted by the corporation) | 4, 050. 00 |
| Boat interest expense ($9/12$ of the interest expense of $1,174.26 claimed by the corporation on the boat) | 880. 60 |
| Boat entertainment expense | 840. 41 |
| Dues paid to the Erie Yacht Club | 100. 00 |
| Dues paid to the Harbor Island Club | 25. 00 |
| | 11, 917. 65 |

On 20 of the 68 days that the boat was used during the period May 3 to November 2, 1963, the use was for the furtherance of the corporation's business.

---

[1] In its return the corporation reported that the boat was used to the extent of 90 percent for corporate business purposes. Accordingly, although the corporation sustained depreciation of $6,000 on the boat for the taxable year ended March 31, 1964, and incurred maintenance and repairs of $9,999.40 for such taxable year, only 90 percent of those amounts were claimed as deductions.

OPINION

The petitioners contend on brief that 75 percent of the use of the boat owned by the corporation was devoted to the corporation's business [2] and that therefore 75 percent of the cost of entertainment in connection with which the boat was used, 75 percent of the cost of repairs and maintenance of the boat, and 75 percent of the dues paid to the Erie Yacht Club and the Harbor Island Club are deductible as ordinary and necessary business expenses of the corporation under section 162 of the Internal Revenue Code of 1954. They also contend that 75 percent of the depreciation sustained on the boat should be allowed as a deduction to the corporation under section 167 of the Code. The respondent maintains that the corporation is not entitled to deduct on account of entertainment in connection with which the boat was used more than $707.30, the amount which he allowed. He further maintains that the corporation is not entitled to any deductions on account of depreciation, repairs, and maintenance on the boat, or for dues paid to the Erie Yacht Club and the Harbor Island Club, on the ground of failure to substantiate business usage of the boat and the clubs.

Section 162 of the Code allows as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, and section 167 of the Code provides for the deduction of a reasonable allowance for exhaustion, wear, and tear of property used in the trade or business. However, by the Revenue Act of 1962 Congress added a new provision to the Internal Revenue Code of 1954, namely, section 274,[3] applicable to taxable years ending after

---

[2] This is based on the contention made in the original brief that 51 of 68 days of boat use, or 75 percent, was for business purposes.

[3] Sec. 274 of the Code provides, in part, as follows:

(a) ENTERTAINMENT, AMUSEMENT, OR RECREATION.—

(1) IN GENERAL.—No deduction otherwise allowable under this chapter shall be allowed for any item—

(A) ACTIVITY.—With respect to an activity which is of a type generally considered to constitute entertainment, amusement, or recreation, unless the taxpayer establishes that the item was directly, related to, or, in the case of an item directly preceding or following a substantial and bona fide business discussion (including business meetings at a convention or otherwise), that such item was associated with, the active conduct of the taxpayer's trade or business, or

(B) FACILITY.—With respect to a facility used in connection with an activity referred to in subparagraph (A), unless the taxpayer establishes that the facility was used primarily for the furtherance of the taxpayer's trade or business and that the item was directly related to the active conduct of such trade or business,

and such deduction shall in no event exceed the portion of such item directly related to, or, in the case of an item described in subparagraph (A) directly preceding or following a substantial and bona fide business discussion (including business meetings at a convention or otherwise), the portion of such item associated with, the active conduct of the taxpayer's trade or business.

(2) SPECIAL RULES.—For purposes of applying paragraph (1)—

December 31, 1962, which provides that no deduction otherwise allowable shall be allowed for an item with respect to an entertainment activity or with respect to a facility used in connection with such an activity, unless the taxpayer meets certain requirements set forth in such section. In general, section 274 provides that to be deductible an item with respect to entertainment must be shown to be directly related to or, under specified circumstances, associated with the active conduct of the taxpayer's trade or business, and that an item with respect to a facility used in connection with entertainment is deductible only if it is shown that the facility was used primarily for the furtherance of the taxpayer's trade or business and that the item was directly related to the active conduct of the business. Section 274 also lays down strict requirements with respect to substantiation as a prerequisite to deductibility. It provides that an item is not deductible unless the taxpayer substantiates by adequate records, or by sufficient evidence corroborating his own statement, the amount of the expense or other item, the time and place of the entertainment or use of the facility, the business purpose of the expense or item, and the business relationship to the taxpayer of the persons entertained or who used the facility. The

---

(A) Dues or fees to any social, athletic, or sporting club or organization shall be treated as items with respect to facilities.

   *      *      *      *      *      *      *

(d) SUBSTANTIATION REQUIRED.—No deduction shall be allowed—

   *      *      *      *      *      *      *

(2) for any item with respect to an activity which is of a type generally considered to constitute entertainment, amusement, or recreation, or with respect to a facility used in connection with such activity, or

   *      *      *      *      *      *      *

unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating his own statement (A) the amount of such expense or other item, (B) the time and place of the * * *, entertainment, amusement, recreation, or use of the facility, * * * (C) the business purpose of the expense or other item, and (D) the business relationship to the taxpayer of persons entertained, using the facility or * * *.

(e) SPECIFIC EXCEPTIONS TO APPLICATION OF SUBSECTION (a).—Subsection (a) shall not apply to—

(1) BUSINESS MEALS.—Expenses for food and beverages furnished to any individual under circumstances which (taking into account the surroundings in which furnished, the taxpayer's trade, business, or income-producing activity and the relationship to such trade, business, or activity of the persons to whom the food and beverages are furnished) are of a type generally considered to be conducive to a business discussion.

   *      *      *      *      *      *      *

(5) RECREATIONAL, ETC., EXPENSES FOR EMPLOYEES.—Expenses for recreational, social, or similar activities (including facilities therefor) primarily for the benefit of employees (other than employees who are officers, shareholders or other owners, or highly compensated employees). * * *

(6) EMPLOYEE, STOCKHOLDER, ETC., BUSINESS MEETINGS.—Expenses incurred by a taxpayer which are directly related to business meetings of his employees, stockholders, agents, or directors.

   *      *      *      *      *      *      *

(h) REGULATORY AUTHORITY.—The Secretary or his delegate shall prescribe such regulations as he may deem necessary to carry out the purposes of this section, including regulations prescribing whether subsection (a) or subsection (b) applies in cases where both such subsections would otherwise apply.

congressional committee reports [4] show that the substantiation requirements of section 274 contemplate more detailed recordkeeping than was common prior to the time of the enactment of section 274, and that it was the intention of Congress that no deduction should be allowed solely on the basis of a taxpayer's unsupported self-serving testimony. The statute provides for its implementation by regulations to be prescribed by the Secretary or his delegate. Detailed regulations have been promulgated.

In the instant case the petitioner kept weekly expense reports in which he made entries showing the dates on which the entertainment occurred and the boat was used, the amount of expenses incurred, and the names, with certain exceptions, of the persons entertained. Such reports do not show, however, the business purpose of the expense or other item or the business relationship to the corporation of the persons entertained and using the boat, except for one day on which a sales meeting was held and another day on which the corporation's personnel were entertained. Such reports show that during the corporation's taxable year ended March 31, 1964, the boat was used on 68 days. In their reply brief, the petitioners concede that the boat was used on 9 of such days for the personal use of the individual petitioner, but contend that on 50 of such days the boat was used for corporate business purposes and that on 9 days it was used for goodwill or "prospecting."

At the trial the petitioner testified with respect to each of the 68 days of use of the boat and the entertainment in connection therewith. He identified the persons entertained, describing with respect to some the types of businesses with which they were connected and the business relationship, if any, to the corporation. In some instances he testified as to the particular business which was discussed, but in other in-

---

[4] Thus, S. Rept. No. 1881, 87th Cong., 2d Sess., provides in part at pp. 35 and 174 :

This provision is intended to overrule, with respect to such expenses the so-called *Cohan* rule. * * *

The requirement that the taxpayer's statements be corroborated will insure that no deduction is allowed solely on the basis of his own unsupported, self-serving testimony. * * *

Generally, the substantiation requirements of the bill contemplate more detailed recordkeeping than is common today in business expense diaries. However, a clear, contemporaneously kept diary or account book containing information with respect to the date, amount, nature and business purpose of the expense may constitute an adequate record under this provision. * * *

* * * * * * *

Where the taxpayer fails to maintain adequate records with respect to any of the described aspects of an expense, that aspect must be substantiated by the taxpayer's own statement corroborated by sufficient evidence. The taxpayer's own uncorroborated statement will not constitute substantiation with respect to any such aspect. The evidence required may vary with respect to each aspect of an item claimed as a deduction. Thus, circumstantial evidence, such as the nature of the business activities of the taxpayer and of the person entertained, may be sufficient to corroborate the taxpayer's statement regarding business purpose and business relationship, whereas more direct evidence, such as the testimony of witnesses, will be required to substantiate amount, time, place, date * * *.

stances he merely stated that business was discussed. In certain other instances he stated that the entertainment was for the purpose of attempting to obtain customers, or to generate goodwill. The petitioner stated that his testimony with respect to business discussions was entirely from memory. In corroboration of his testimony regarding the business purpose of the use of the boat and the entertainment and the business relationship to the corporation of the persons entertained or using the boat, there were submitted in evidence certain pricing sheets, catalogs, bulletins, annual reports, and other printed material as illustrative of the type of work the corporation had done or later did for some of the companies whose representatives were entertained, and which petitioner stated were the subject of discussion on some of the days the boat was used in connection with entertainment. However, such corroboration cannot be considered as establishing business use of the boat and business entertainment for a greater number of days than 18, namely, the days on which representatives of the businesses to which the printed material applied were entertained. The amount of entertainment expense, as shown by the weekly reports, incurred on such 18 days, plus the cost of entertainment on the 2 days when employees of the corporation were on board the boat, amounts to substantially less than the amount of $707.30 of boat entertainment expense which the respondent has allowed the corporation. The record does not show which particular entertainment expenses were allowed by the respondent. Under the circumstances it is our conclusion that the petitioners have not shown that the corporation is entitled to deduct any greater amount than has been allowed by the respondent in this respect.

As has been noted above, one of the prerequisites to the allowance of the deduction of any item with respect to an entertainment facility, the boat and the two clubs in this instance, is the establishment by the petitioner that the facility was used *primarily* for the furtherance of the taxpayer's trade or business. In order to establish that a facility was so primarily used, the petitioner is required under section 274(d)(2) of the Code to substantiate by adequate records or by sufficient evidence corroborating his own statement various elements, including the business purpose of the expense or other item and the business relationship of the persons entertained or using the facility. See also sec. 1.274–5 (c)(6)(iii), Income Tax Regs. Section 1.274–2(e)(4)(iii) of the regulations provides that a facility used in connection with entertainment, such as a yacht or other pleasure boat or a social club, is considered as having been used primarily for the furtherance of the trade or business if it is established that more than 50 percent of the total calendar days of the use of the facility were days of business use, and that any use of a facility during 1 calendar day shall be considered to con-

stitute a day of business use if the primary use of the facility on such day was ordinary and necessary within the meaning of section 162 of the Code and the regulations thereunder. What has been said hereinabove with respect to corroboration of the petitioner's testimony as to business purpose of the entertainment and boat usage is decisive of the question whether the boat was used primarily for the furtherance of the corporation's trade or business. Considering the evidence in the light most favorable to the corporation, we must conclude that it has not been established that more than 50 percent of the total days of use of the boat were days of business use, within the contemplation of section 1.274–2(e) (4) (iii) of the regulations. Nor has it been otherwise established that the boat was used "primarily" for the furtherance of the corporation's business. See sec. 1.274–2(e) (4) (i) of the regulations. We accordingly approve the respondent's disallowance of deductions claimed by the corporation for depreciation on the boat, and for costs of its repair and maintenance. We also approve his disallowance of the deduction for dues paid to the Erie Yacht Club and the Harbor Island Club. There is no evidence upon which we can determine what portion of the use of such clubs, if any, was in furtherance of the corporation's business.

There remains for consideration the question whether, as determined by the respondent, the petitioner received from the corporation additional income in an amount equal to the deductions disallowed to the corporation, namely, boat entertainment expenses ($840.41), dues paid to the Erie Yacht Club and the Harbor Island Club ($125), repairs and maintenance of the boat ($6,021.64), depreciation on the boat ($4,050), plus boat interest originally disallowed but now conceded to be deductible ($880.60). In the notice of deficiency the respondent's position was that these amounts represented personal expenses paid on behalf of the individual petitioner. On brief the respondent takes the position that these amounts constituted constructive dividends.

It is well established that any expenditure made by a corporation for the personal benefit of its stockholders or the making available of corporate-owned facilities to stockholders for their personal benefit may result in the receipt by the stockholders of constructive dividends. See *Challenge Manufacturing Co.*, 37 T.C. 650, and cases cited therein. As pointed out above, the respondent disallowed as a deduction to the corporation $840.41 of the $1,547.71 of entertainment expense and charged the petitioner with income to that extent. The petitioner has not established that such $840.41 was not paid for his benefit and we approve the respondent's determination in this respect. We also approve the respondent's determination that the dues of $125 paid to the two clubs is taxable to the petitioner, since there is no showing that

such amount was not paid entirely for the benefit of the petitioner. However, we are of the opinion that the individual petitioner should not be charged with dividend income in the full amount of the remaining items set forth above, which relate to the boat. Even though we have approved the determination of the respondent in disallowing as deductions to the corporation the full amounts claimed for depreciation and repairs and maintenance of the boat, the reason therefor was the failure of the petitioner to substantiate, in accordance with the requirements of section 274, that the boat was used *primarily* for the furtherance of the corporation's business. This, of course, does not mean that such facilities were not used to some extent for a corporate business use. The fact that the full amounts have been disallowed as deductions to the corporation does not necessarily mean that the full amounts are to be treated as dividends to the individual petitioner.[5] We are satisfied from the evidence that as much as 20/68 of the use of the boat was for corporate business purposes and accordingly are of the opinion that only 48/68 of the depreciation and costs of repairs and maintenance of the boat and the same percentage of the boat interest constituted amounts paid or incurred for the benefit of the individual petitioner. The precise amounts to be included in the income of the individual petitioner as constructive dividends will be computed in the recomputation under Rule 50. The petitioner has not shown that the benefits conferred upon him by the corporation had a fair value less that such amounts. See *Challenge Manufacturing Co., supra.* Furthermore, it has not been shown that the corporation did not have sufficient earnings and profits available for the payment of taxable dividends in such amounts.

*Decisions will be entered under Rule 50.*

---

[5] The congressional committee reports make it clear that since the only purpose of sec. 274 is to disallow deductions, it does not affect the question of the includability or excludability of an item in income of any individual, and that the usual rules are applicable in this respect. See H. Rept. No. 1443, 87th Cong., 2d Sess., p. 20, and S. Rept. No. 1881, 87th Cong., 2d Sess., p. 27.