William Schmidt and Willia Schmidt v. Commissioner.
Schmidt v. Commissioner
Docket No. 1860-67.
United States Tax Court
T.C. Memo 1969-86; 1969 Tax Ct. Memo LEXIS 210; 28 T.C.M. (CCH) 481; T.C.M. (RIA) 69086; May 1, 1969, Filed *210 Issues (a) - (d), inclusive. Held, petitioners have failed to establish that any portion of the amounts of $3,536.03, $2,429.52, $328.67 and $100 allegedly expended for travel, entertainment, auto expense, and dues and periodical expenses, respectively, is an allowable deduction. Issues (e) and (f). During the taxable year petitioner purchased and installed an air conditioner in connection with his rental property. He claimed the expenditure as a part of his deduction for repairs. Held, the respondent did not err in determining that the expenditure was a capital expenditure subject to a depreciation allowance. Issue (g). During the taxable year petitioner traded a 1961 Lincoln automobile for a 1964 Lincoln. On his return he treated the trade-in as a sale and computed a profit on the trade-in which he applied against the depreciation claimed on both cars for the taxable year. The respondent determiined that the trade-in was a non-taxable exchange and recomputed the depreciation on both cars on the finding that they were used 70 percent for business and 30 percent for pleasure. The net result was that petitioner was entitled to an additional depreciation deduction for the taxable *211 year of $655.17. Held, no error was committed by therespondent in his determination. William Schmidt, pro se, 2838 W. Addison St., Chicago, Ill. William L. Ringuette, for the respondent. STERRETT
Memorandum Findings of Fact and Opinion STERRETT, Judge: Respondent determined a deficiency in income tax for the calendar year 1964 in the amount of $2,871.80. Petitioners assign errors as follows: The determination of tax set forth in the said notice of deficiency is based upon the following errors: (a) Travel expense
$3,536.03
(b) Entertainment
2,429.52
(c) Auto expense
328.67
(d) Dues and periodicals
100.00
(e) Repairs - Rental property 808.06
Reserve for Bad Debts
(8,519.15)
(11,470.35)
(16,470.01) Commissioner erred in that these expenses were incurred in the ordinary running of our business. (f) Depreciation - Air Conditioner
$150.00
(g) Depreciation - Automobile
655.17
$805.17 These credit allowances for depreciation on the air conditioner and automobile are in error and not claimed by us. Findings of Fact Some of the facts were stipulated. The stipulation and attached exhibits are herewith adopted and incorporated herein by reference. 482 General Findings. William Schmidt (herein sometimes called *212 petitioner) and Willia Schmidt are husband and wife, and at the time the petition was filed resided in Chicago, Illinois. They filed a joint income tax return for the calendar year 1964 on the cash receipts and disbursements basis with the district director of internal revenue, Chicago, Illinois. Petitioner is a licensed structural and professional engineer in the State of Illinois. He is also a licensed professional engineer in the States of Arizona, California, Colorado, Florida, Indiana, Iowa, Michigan, Minnesota, New York, Ohio, Pennsylvania, Tennessee, and Wisconsin. Petitioner operates his structural engineering business as a sole proprietorship under the firm name of William Schmidt and Associates. His volume of business annually is in the neighborhood of $250,000 and he employs some 14 to 20 people. Petitioner is the designer of 1000 Lake Shore Plaza and a 70-story building on Lake Point in Chicago. In toto some 15 to 20 high rise buildings have been constructed under his supervision. Petitioner operates in about 14 states, but about 90 percent of his business is in Chicago. Issue (a). On Schedule C of the return petitioner reported a net profit from the business of William *213 Schmidt and Associates of $24,269.70 composed of: Gross receipts
$230,076.83
Less total other business de- ductions 205,807.13
Net profit
$ 24,269.70 Included in the $205,807.13 were other business expenses of $20,408.69. Included in the $20,408.69 was travel expense of $4,930.08. The latter amount represents the total travel expense of William Schmidt and Associates claimed for the calendar year 1964. Of that total, $1,394.05 represents expenses of employees of William Schmidt and Associates, other than petitioner, which have been allowed as deductions. The balance, $3,536.03, was disallowed by the respondent on the grounds that it had not been established that said amount constituted an ordinary and necessary business expense or that it was expended for the purpose designated. In paragraph 7 of the stipulation it is agreed that: 7. * * * Of the $3,536.03 in issue, $1,100.00 represents cash drawn by the petitioner, William Schmidt, in the amount of $100.00 on January 30, 1964, February 25, 1964, March 30, 1964, April 22, 1964, May 31, 1964, June 30, 1964, September 30, 1964, October 26, 1964, December 31, 1964, and $200.00 on August 31, 1964. Of the balance, at least $2,337.31 represents *214 credit card charges, principally American Express in the amount of at least $1,362.11 and Hilton credit in the amount of at least $605.95. The amount of $3,536.03 was actually expended during the taxable year 1964 and, with the exception of $134.50 was all recorded in petitioner's cash book showing the date paid, the amount paid, and the payee. The amount of $3,536.03 was made of 38 items, five of which, totaling $47.64, were for items of less than $25 each and 33 of which, totaling $3,488.39, were for items of more than $25 each. Petitioner conceded on the witness stand that at least $446.22 of the $3,536.03 constituted personal expenses incurred on a trip to Europe. Of the five items of less than $25 each, the date paid, payee, and the amount were as follows: Date Paid 1964
Payee
Amount
March 10
American Express Co.
$ 5.65
May 11
Bismark Hotel
21.56
May 11
Hilton Credit
8.75
November 10
Hilton Credit
3.73
November 10
American Express 7.95
Total
$47.64
Issue (b). Included in the $20,408.69, supra, was entertainment of $2,429.52. The respondent disallowed the entire amount of $2,429.52 on the grounds that it had not been established that said amount constituted an ordinary and necessary expense or that *215 it had been expended for the purpose designated. In paragraph 9 of the stipulation it was agreed that the amount of $2,429.52: * * * represents the total claimed entertainment expense of William Schmidt and Associates for the year in question. The respondent had disallowed this amount in its entirety. Of the amount in issue, at least $1,066.72 represents payments to the Germania Club, $579.38 represents payments to Leader Liquor Store, $259.06 represents payments to the Bismark Hotel, $142.01 represents payments to Parkington Liquors. Other miscellaneous entertainment expenses amount to $382.35. The amount of $2,429.52 was actually expended during the taxable year 1964, and 483 was all recorded in petitioner's cash book showing the date paid, the amount paid, and the payee. The amount of $2,429.52 was made up of 65 items, 40 of which, totaling $435.45, were for items of less than $25 each, and 25 of which, totaling $1,994.07, were for items of more than $25 each. Issue (c). Also included in the $20,408.69, supra, was automobile expenses of $1,095.52, which represented the total claimed automobile expenses of William Schmidt and Associates for the year 1964. At the begining of the *216 year petitioner had a 1961 Lincoln automobile, which, on April 22, 1964, he traded for a 1964 Lincoln. Petitioner deducted the full cost of the operation of these automobiles as an automobile expense during the year in question. The respondent determined that 70 percent of the total claimed automobile expense was for business and disallowed 30 percent of the claimed expense or $328.67. The respondent agrees that petitioner expended the amount of $1,095.52 in operating his automobiles during 1964. Petitioner used the automobiles both for personal and business purposes during the taxable year. Issue (d). Included in the $20,408.69, supra, were dues and periodicals of $1,511.66. Included in the latter amount was $100 which represented a charitable contribution to Father Dismas Clark Foundation. Petitioner did not itemize his deductions on his return but used the standard deduction of $1,000 instead. Respondent allowed a deduction for dues and periodicals in the amount of $1,411.66 but disallowed the $100 contribution. Issues (e) and (f). On Schedule B, Part II - Rent and Royalty Income petitioner deducted an item for repairs in the amount of $2,099.55. Included in that amount was an *217 amount of $869.76 for "air conditioning," which, in turn, was comprised in part of the following two items: Vents and installation for air con- ditioner
$272.56
New air conditioner 535.50
Total
$808.06
The respondent disallowed the claimed air conditioning expense of $808.06 and determined that the amount should be capitalized. He allowed petitioner depreciation of $150 on a straight line basis with a five-year life for the air conditioner with a salvage set at $58.06. Thus, he adjusted petitioner's income with respect to this item as follows: Cost of air conditioner including in- stallation
$808.06
Less depreciation allowable thereon 150.00
Net adjustment to income
$658.06 Issue (g). On Schedule C of the return petitioner on line 11 deducted depreciation of $161.50 on the 1961 and 1964 Lincoln automobiles, which was explained in Schedule C-2 as follows: 1.
2.
3.
5.
6.
7.
8.
Description of Property
Cost or OtherBasis
Date Acquired
DepreciationPrior Years
Method Used
Rate
DepreciationThis Year
1961 Lincoln
$6,025.00
4/10/61
$4,225.00
St. line
25%
$ 500.00
Sold 1961 Lincoln for $2,758.50
Profit
1,458.50
1964 Lincoln
6,719.50
4/22/64
none
St. line
25% 1,120.00
Depreciation claimed elsewhere in Schedule C
* *218 $ 161.50 The respondent has recomputed the depreciation on both the 1961 and 1964 Lincolns on the straight line method, using a four-year life, but held that the cars were used only 70 percent for business. The respondent recomputed the adjusted basis of the 1964 Lincoln, treating the 1961 Lincoln as a trade-in rather than a sale as claimed by the petitioner on his tax return, and determined a salvage value of $1,411.00 for the 1964 Lincoln. In a statement attached to the deficiency notice the respondent explained his determination as follows: (g) The deduction claimed for auto depreciation in the amount of $1,620.00 and the reduction of this deduction by $1,458.50 reported as gain on sale of a 1961 automobile is adjusted because it has not been established that depreciation in excess of $816.67 constitutes an ordinary and necessary expense and it has also been established that the $1,458.50 reported gain represents the trade-in received on the exchange of automobiles and thereby constitutes a non-taxable exchange. Therefore, your taxable income is reduced in the amount of $655.17. The adjustment is computed as follows: 484 Depreciation claimed
$1,620.00
Less reported gain on ex- change 1,458.50
Net depreciation deducted
$161.50
Depreciation allowable 816.67
Additional deduction $655.17
*219 Opinion Issues (a) and (b). These are the principal issues and present the question whether petitioner is entitled to deduct any portion of the amounts of $3,536.03 and $2,429.52 as ordinary and necessary business expenses under section 162, as qualified by section 274, [1] of the Internal Revenue Code of 1954. The material provisions of these sections are set forth in the margin. [2] *220 *221 Section 274 was added to the Code by section 4 of the Revenue Act of 1962, 76 Stat. 974, and was made applicable to taxable years ending after December 31, 1962. See H. Rept. No. 1447, 87th Cong., 2d Sess., pp. 19-26 and S. Rept. No. 1881, 87th Cong., 2d Sess., pp. 24-38. *222 In discussing the scope of section 274 we said in John L. Ashby, 50 T.C. 409, 414-415: The congressional committee reports show that the substantiation requirements of section 274 contemplate more detailed recordkeeping than was common prior to the time of the enactment of section 274, and that it was the intention of Congress that no deduction should be allowed solely on the basis of a taxpayer's unsupported self-serving testimony. The statute provides for its implementation by regulations to be prescribed by the Secretary or his delegate. Detailed regulations have been promulgated. The regulations referred to in the above opinion consist of 26 pages, denoted as section 1.274-1 through 1.274-8, and "apply with respect to taxable years ending after December 31, 1962, but only in respect of periods after such date." The statute, committee reports, and the regulations relating to section 274 have been considered and commented on by us in John L. Ashby, supra; William F. Sanford, 50 T.C. 823, Robert H. Alter, 50 T.C. 833; Walter L. Woodward, 50 T.C. 982; John Robinson, 51 T.C. 520; and Wm. Andress, Jr., 51 T.C. 863 (Feb. 27, 1969). It would serve no useful purpose to repeat such considerations *223 and comments here. Suffice it to say that 485 to ignore the plainly stated purpose of Congress in enacting section 274 would be to overstep the judicial boundaries of this Court and to trespass in an area of what has often been called judicial legislation. Succinctly stated then, it can be said that petitioner "still has the burden of proving initially that his expenditures were ordinary and necessary expenses, proximately related to his trade or business," William F. Sanford, supra; that petitioner must establish the four elements required by the statutory provisions of section 274(d), namely, the amount spent, time and place, business purpose, and business relationship to the taxpayer of each person entertained, etc.; that the provisions of said section 274(d) were intended to overrule the so-called Cohan rule in $2 Cohan v. Commissioner, 39 F. 2d 540 (C.A. 2, 1930), with respect to entertainment expenses, S. Rept. No. 1881, supra, p. 35; and that documentary evidence will not be required for the substantiation of transportation charges, if not readily available, or for any other expenditure other than lodging under $25, section 1.274-5(c)(2)(iii)(b), Income Tax Regs.[3] *224 The instant facts will first be considered from the point of view of the applicability of section 274. The respondent admits that the amounts of $3,536.03 and $2,429.52 were actually expended by petitioner and that petitioner had thus established the first of the four elements of substantiation required by section 274(d). However, respondent goes on to argue that petitioner has failed to establish the remaining three elements required by that section and the regulations thereunder. With respect to the amount of $3,536.03 petitioner, on the other hand, contends that at least the $1,100 referred to in paragraph 7 of the stipulation should be allowed. In this connection petitioner testified that his secretary gave him a check each month for $100 "so that when I go downtown and I pay a parking charge or have a lunch or something I don't *225 have to make any report of that * * *." Such testimony, without more, is not sufficient to allow the $1,100 deduction. [4] Petitioner failed to document in any way the business nature of these cash expenditures. Certainly any amount spent for petitioner's lunch would be personal and nondeductible under section 262. [5] Respondent's counsel also examined petitioner on several of the American Express items referred to in paragraph 7 of the stipulation. Most of the so-examined items were in connection with a trip to Europe taken by petitioner and his wife in 1963 and paid for in 1964. Petitioner conceded on the witness stand that these items regarding the trip, totalling approximately $446.22, should be disallowed. Because petitioner was not represented by counsel, the *226 Court tried at several places during the trial to determine from petitioner's own testimony whether sufficient facts concerning the travel and entertainment expenses existed to satisfy the substantiation requirements of section 274. The following results were obtained. THE COURT: Mr. Schmidt, what details can you give me about the circumstances under which you spent this money? THE WITNESS: I want to make a plea that I don't have to give you any detail, that you could take my word for it. I am a reputable man. * * * THE COURT: Do you remember how many conventions you went to in 1964? THE WITNESS: No, I couldn't tell you. I couldn't even tell you at this time where they were held. * * * THE COURT: Why don't you tell me about that club [Germania Club], Mr. Schmidt? THE WITNESS: Well, occasionally, I take somebody I know there and entertain him. Occasionally I take my family. I can't separate these things. I just charge it and pay it out of the business expense. THE COURT: Do you pay all the bills out of your business account, whether you took your wife or not? THE WITNESS: Yes. Guilty. 486 It is noted that some of the items compromising the amounts of $3,536.03 and $2,429.52 were for *227 items of less than $25. While the regulations, section 1.274-5(c) (2)(iii), relieve the taxpayer of producing documentary evidence, if not readily available, for transportation charges and other expenditures (other than lodging) of less than $25, the taxpayer must nevertheless, with the foregoing qualification, establish the four elements required by section 274 and the regulations thereunder. We agree with respondent that all petitioner has established is the first element, namely, the "amount" of the item. Admittedly, it does seem that in a business of this magnitude, with petitioner doing business in 14 states, he must have had some traveling and entertainment expenses, and that the respondent's disallowance of the entire amounts claimed for such items is a rather harsh determination. Petitioner put his complaint thusly at the trial: I have given the auditors and all of them that information. They didn't have to disallow 100 percent of my traveling expense. They might have seen some items there that they could say, well, this is legitimate, this we allow. They might have struck out maybe 10, 15 percent, or something like that, that they might say, well, this seemed rather doubtful, *228 this may be more or less a private expenditure. If they had done that I wouldn't be here before you. * * * However, the petitioner also testified "that when the auditor came on a routine check, I said, here is the place, you can take possession of it, and I took my hat and coat and walked out. * * * I didn't explain anything to them." So it would appear that petitioner is partly to blame for the determination that has been made. Petitioner had the burden of proof before this Court, and he has failed to sustain that burden. Under section 274, we are precluded from applying the so-called Cohan rule which petitioner, in effect, seeks to have applied. We, therefore, hold that the respondent's determination as to these issues must be sustained for the reason that petitioner has failed to establish all of the elements required by section 274 and the regulations thereunder. In view of our conclusion as to the correctness of respondent's determination with respect to section 274, it is unnecessary to consider petitioner's contentions under section 162. Robert H. Alter, supra; Wm. Andress, Jr., supra.
Issue (c). For the year 1964, petitioner deducted $1,095.52 for automobile expense. In April *229 1964, he traded an old automobile for a new one. He used the automobiles both for busines and pleasure. The respondent determined that this use was 70 percent for business and 30 percent for pleasure, and disallowed $328.67 of $1,095.52 claimed. At the trial petitioner testified that he used the car for both personal and business purposes. He failed to introduce any evidence that his business use of the car exceeded the 70 percent figure allowed by the respondent. We hold petitioner has failed to prove that the respondent erred in disallowing $328.67 of the automobile expense claimed by him on the return. Issue (d). Although petitioner deducted the $100 here in question under the title of dues and periodicals, the item was in fact a charitable contribution to the Father Dismas Clark Foundation. It was not a trade or business expense. Since petitioner used the standard deduction of $1,000 under section 141, he is not entitled also to deduct the $100 contribution as an itemized deduction under section 170. Petitioner in his reply brief refers to the $100 contribution as being "so negligible I would dignify it with a comment." We sustain the respondent's determination as to this issue. *230 Issues (e) and (f). During the taxable year 1964, petitioner purchased and installed an air conditioner in connection with his rental property at a cost of $808.06. Petitioner claimed this cost as a deduction for repairs of his rental property. The respondent disallowed the item as repairs and held it to be a capital expenditure under section 263 and depreciable under section 167. He determined the depreciation allowance for 1964 to be $150 which he allowed in lieu of the $808.06 deducted by petitioner as repairs. Petitioner advanced no reason why the cost of installing an air conditioner should be so expensed. We sustain the respondent's determination as to this issue. Issue (g). On the basis of the facts fully set out in our findings, we hold that the respondent committed no error in his determination of this issue. Petitioner introduced no evidence and cited no authority to justify his treatment as a sale and then a purchase of a car in a transaction which in fact appeared to be no more than the trading in of a 1961 Lincoln car toward the purchase price of a 1964 Lincoln. Decision will be entered for the respondent. 487 Footnotes
*. $500 plus $1,120 minus $1,458.50 = $161.50
1. All statutory references are to the Internal Revenue Code of 1954 unless otherwise specified. ↩
2. SEC. 162. TRADE OR BUSINESS EXPENSES. (a) IN GENERAL. - There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including - * * * (2) traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business; * * * SEC. 274. DISALLOWANCE OF CERTAIN ENTERTAINMENT, ETC., EXPENSES. (a) ENTERTAINMENT, AMUSEMENT, OR RECREATION. - (1) IN GENERAL. - No deduction otherwise allowable under this chapter shall be allowed for any item - (A) ACTIVITY. - With respect to an activity which is of a type generally considered to constitute entertainment, amusement, or recreation, unless the taxpayer establishes that the item was directly related to, or, in the case of an item directly preceding or following a substantial and bona fide business discussion (including business meetings at a convention or otherwise), that such item was associated with, the active conduct of the taxpayer's trade or business, or * * * and such deduction shall in no event exceed the portion of such item directly related to, or, in the case of an item described in subparagraph (A) directly preceding or following a substantial and bona fide business discussion (including business meetings at a convention or otherwise), the portion of such item associated with, the active conduct of the taxpayer's trade or business. * * * (d) SUBSTANTIATION REQUIRED. - No deduction shall be allowed - (1) under section 162 or 212 for any traveling expense (including meals and lodging while away from home), (2) for any item with respect to an activity which is of a type generally considered to constitute entertainment, amusement, or recreation, or with respect to a facility used in connection with such an activity, or * * * unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating his own statement (A) the amount of such expense or other item, (B) the time and place of the travel, entertainment, amusement, recreation, or use of the facility, * * * (C) the business purpose of the expense or other item, and (D) the business relationship to the taxpayer of persons entertained * * *. The Secretary or his delegate may by regulation provide that some or all of the requirements of the preceding sentence shall not apply in the case of an expense which does not exceed an amount prescribed pursuant to such regulations. * * * (h) REGULATORY AUTHORITY. - The Secretary or his delegate shall prescribe such regulations as he may deem necessary to carry out the purposes of this section, including regulations prescribing whether subsection (a) or subsection (b) applies in cases where both such subsections would otherwise apply.↩
3. (iii) Documentary evidence. Documentary evidence, such as receipts, paid bills, or similar evidence sufficient to support an expenditure shall be required for - (a) Any expenditure for lodigng while traveling away from home, and (b) Any other expenditure of $25 or more, except, for transportation charges, documentary evidence will not be required if not readily available.↩
4. It is noted that S, Rept. No. 1881, supra, provides in part at pp. 35 and 174: The requirement that the taxpayer's statements be corroborated will insure that no deduction is allowed solely on the basis of his own unsupported, self-serving testimony. ↩
5. SEC. 262. PERSONAL, LIVING, AND FAMILY EXPENSES. Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses.↩