Richard G. and Diane C. Durrance v. Commissioner.
Durrance v. Commissioner
Docket No. 2167-69.
United States Tax Court
T.C. Memo 1970-176; 1970 Tax Ct. Memo LEXIS 185; 29 T.C.M. (CCH) 775; T.C.M. (RIA) 70176; June 24, 1970, Filed Richard C. Forman, for the petitioners. J. Randall Groves, for *186 the respondent. IRWIN
Memorandum Findings of Fact and Opinion IRWIN, Judge: The Commissioner determined deficiencies in petitioners' income taxes for the calendar years 1965 and 1966 in the amounts of $765.42 and $286, respectively. The sole issue for our decision is whether petitioners are entitled to deduct as ordinary and necessary business expenses amounts in excess of the amounts allowed by respondent. Findings of Fact Richard G. (hereinafter petitioner) and Diane C. Durrance, husband and wife, timely filed joint Federal income tax returns for the calendar years 1965 and 1966 with the district director of internal revenue, Greensboro, N.C. At the time of the filing of the petition herein, they resided in High Point, N.C. Petitioner was employed by P.F. Collier, Inc. (hereinafter Collier) selling encyclopedias during the years in question. From January 1, 1965, to September 13, 1965, he was sales manager for Collier and, as such, was in charge of the Winston-Salem, N.C., office. Petitioner was appointed on January 21, 1966, sales manager of Collier'sBaton Rouge, La., office, and he retained that post until April 15, 1966. Approximately one week thereafter, *187 Collier placed petitioner in charge of the High Point and Greensboro, N.C., sub-offices, which position he occupied until January 1, 1967. As sales manager for Collier, petitioner was required to bear his own expenses with respect to automobile, gas, oil, office supplies, telephone, telegraph, motels, licensing fees, split commissions, and any other similar expenses. Collier did not reimburse him for expenses incurred while performing services in its employ. Petitioner's duties as sales manager for Collier included hiring new salesmen, securing personal sales for himself, and insuring that the salesmen under his supervision secured sales. On his income tax return for 1965, petitioner listed his gross income as $14,032.19, whereas his gross income was stated at $9,869.44 on his 1966 tax return. From these amounts, petitioner deducted as business expenses $12,135.35 and $8,384.84 for 776 the years 1965 and 1966, respectively. Of these claimed expenses, respondent disallowed $4,965.28 in 1965, and $2,814.79 in 1966 on the grounds that these disallowed expenses were not ordinary and necessary expenses within section 162, Internal Revenue Code of 1954, [1] *188 and that they were not substantiated as required by section 274. Respondent used the following method in computing the amount of expenses not allowable as deductions during the years in question: *10 Computation of Adjustments Based on Available Funds
1965
Income per return
$14,032.19
Less: Federal income tax
$ 1,613.09
State Income tax
606.55
FICA tax 174.00 2,393.64
Amount received by taxpayer
$11,638.55
Plus: 1964 State tax refund
$ 797.58
Decrease in savings
500.00
Decrease in checking 499.74 1,797.32
Known available funds
$13,435.87
Expenditures
Expenses per return
$12,135.35
Less: Depreciation 1,008.06
Cash expenditures
$11,127.29
Personal expenses by checks 7,273.86
Total expenditures 18,401.15
Understatement of income or overstatement of expenses $4,965.28 1966
Income per return
$ 9,869.44
Less: Federal Income tax W.H.
$ 1,101.84
State income tax (estimated)
304.17
FICA tax 277.20 1,683.21
Amount received by taxpayer
$ 8,186.23
Plus: 1965 State tax refund
$ 606.55
1965 Fed. tax refund 1,573.09 2,179.64
Known available funds
$10,365.87
Expenditures
Expenses per return
$ 8,384.84
Less: Depreciation 1,266.66
Actual expenditures
$ 7,118.18
Personal & family living exp 6,062.48
Total expenditures 13,180.66
Understatement of income or overstatement of expenses $ 2,814.79
*189 Opinion Section 274 provides in pertinent part as follows: (d) Substantiation Required. - No deduction shall be allowed - (1) under section 162 or 212 for any traveling expense (including meals and lodging while away from home), * * * unless the taxpayer substantiates by adequate records or by sufficient evidence 777 corroborating his own statement (A) the amount of such expense or other item, (B) the time and place of the travel, entertainment, amusement, recreation, or use of the facility, or the date and description of the gift, (C) the business purpose of the expense or other item, * * * Moreover, Congress specifically authorized the Commissioner to prescribe "such regulations as he may deem necessary to carry out the purposes of [section 274] * * *." Section 274(h). These regulations, [2] the validity of which we have upheld, William F. Sanford, 50 T.C. 823 (1968), affd. per curiam 412 F. 2d 201 (C.A. 2, 1969), certiorari denied 396 U.S. 841 (1969), impose a heavy, but intended, burden on the taxpayer in order to substantiate such claimed business expenses. *190 As we have already noted in John L. Ashby, 50 T.C. 409, 414-415 (1968): The congressional committee reports [n4] show that the substantiation requirements of section 274 contemplate more detailed recordkeeping than was common prior to the time of the enactment of section 274, and that it was the intention of Congress that no deduction should be allowed solely on the basis of a taxpayer's unsupported self-serving testimony. The statute provides for its implementation by regulations to be prescribed by the Secretary or his delegate. Detailed regulations have been promulgated. On brief, petitioner admits that the substantiation requirements of section 274 are substantial and that he does not meet them. However, he argues that he fits within an exception to these requirements set forth in section 1.274-5(c)(5), [3] since his records for the year 1966 are allegedly in the possession 778 of an examining agent of respondent and have not been returned to him. Petitioner's records for 1965 were allegedly not returned to him until two months before the trial herein. Therefore, petitioner argues, he is forced to resort to his own testimony in substantiation of the disallowed *191 expenses, and he requests this Court to accept his testimony as a "reasonable reconstruction" of his expenditures. Section 1.274-5(c)(3), Income Tax Regs.
In response to this assertion, we note, first of all, that petitioner did not raise this allegation until the trial itself. Moreover, we have serious misgivings as to the credibility of petitioner on this matter. His testimony thereon was contradictory and not at all convincing. Assuming arguendo, however, that petitioner's "tale of woe" is true, his testimony in substantiation of the disallowed traveling and other expenses subject to section 274 (d)(1) was not a reasonable reconstruction thereof as required by the section 1.274-5 (c)(3) of the regulations. Petitioner did not attempt to approximate these expenses on a daily, weekly, or even monthly basis. Instead, his testimony informed us only as to the total annual traveling expenses, which totals were listed on his tax returns for the years at issue. Moreover, with respect to those other expenses not subject to the requirements of section 274, petitioner has not sustained his burden of proof as to the *192 amounts thereof. Once again, his testimony was very general and merely indicated annual total expenses. He also gave no reason why he did not present to us the records for 1965 which he testified were returned to him. Having examined the record as a whole and having weighed the vague and general testimony of petitioner as to the expenses in question, we hold that petitioner has not sustained his burden of proof. Accordingly, the deductions therefor were properly disallowed. Having concluded that petitioner did not sustain his burden of proof on the issue of substantiation, we need not reach respondent's contention that the disallowed expenses were not ordinary and necessary within section 162. Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. § 1.274-5. Substantiation requirements. (a) In general. No deduction shall be allowed for any expenditure with respect to - (1) Traveling away from home (including meals and lodging) deductible under section 162 or 212, * * * unless the taxpayer substantiates such expenditure as provided in paragraph (c) of this section. This limitation supersedes with respect to any such expenditure the doctrine of Cohan v. Commissioner (C.C.A. 2d 1930) 39 F. 2d 540. The decision held that, where the evidence indicated a taxpayer incurred deductible travel or entertainment expenses but the exact amount could not be determined, the court should make a close approximation and not disallow the deduction entirely. Section 274(d) contemplates that no deduction shall be allowed a taxpayer for such expenditures on the basis of such approximations or unsupported testimony of the taxpayer. * * * (b) Elements of an expenditure - (1) In general. Section 274(d) and this section contemplate that no deduction shall be allowed for any expenditure for travel * * * unless the taxpayer substantiates the following elements for each such expenditure: (i) Amount; (ii) Time and place of travel * * *; (iii) Business purposes; * * * * * * (2) Travel. The elements to be proved with respect to an expenditure for travel are - (i) Amount. Amount of each separate expenditure for traveling away from home, such as cost of transportation or lodging, except that the daily cost of the traveler's own breakfast, lunch, and dinner and of expenditures incidental to such travel may be aggregated, if set forth in reasonable categories, such as for meals, for gasoline and oil, and for taxi fares; (ii) Time. Dates of departure and return for each trip away from home, and number of days away from home spent on business; (iii) Place. Destinations or locality of travel, described by name of city or town or other similar designation; and (iv) Business purpose. Business reason for travel or nature of the business benefit derived or expected to be derived as a result of travel. (c) Rules for substantiation - (1) In general. A taxpayer must substantiate each element of an expenditure (described in paragraph (b) of this section) by adequate records or by sufficient evidence corroborating his own statement except as otherwise provided in this section. Section 274(d) contemplates that a taxpayer will maintain and produce such substantiation as will constitute clear proof of an expenditure for travel * * * referred to in section 274. A record of the elements of an expenditure made at or near the time of the expenditure, supported by sufficient documentary evidence, has a high degree of credibility not present with respect to a statement prepared subsequent thereto when generally there is a lack of accurate recall. Thus, the corroborative evidence required to support a statement not made at or near the time of the expenditure must have a high degree of probative value to elevate such statement and evidence to the level of credibility reflected by a record made at or near the time of the expenditure supported by sufficient documentary evidence. The substantiation requirements of section 274(d) are designed to encourage taxpayers to maintain the records, together with documentary evidence, as provided in subparagraph (2) of this paragraph. To obtain a deduction for an expenditure for travel * * * a taxpayer must substantiate, in accordance with the provisions of this paragraph, each element of such an expenditure. * * * (5) Loss of records due to circumstances beyond control of the taxpayer. Where the taxpayer establishes that the failure to produce adequate records is due to the loss of such records through circumstances beyond the taxpayer's control, such as destruction by fire, flood, earthquake, or other casualty, the taxpayer shall have a right to substantiate a deduction by reasonable reconstruction of his expenditures.↩
3. See footnote 2, supra, for the full text of this subsection.↩