A. SCOTT WOOD and MARGARET WOOD, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Wood v. Commissioner
Docket No. 3176-75.
United States Tax Court
T.C. Memo 1978-320; 1978 Tax Ct. Memo LEXIS 197; 37 T.C.M. (CCH) 1330; T.C.M. (RIA) 78320; August 15, 1978, Filed A. Scott Wood, pro se. Kevin C. Reilly, for respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to and heard by Special Trial Judge Charles R. Johnston. Pursuant to the order of the Chief Judge dated November 2, 1977, as amended, the provisions of Rule 182, Tax Court Rules of Practice and Procedure are not applicable to this case. The *198 Court agrees with and adopts the opinion of Special Trial Judge Johnston which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE JOHNSTON, Special Trial Judge: Respondent has determined deficiencies in petitioners' income tax for the taxable year 1973 in the amount of $ 954.32. The issues for decision are (1) whether certain claimed deductions for expenses incurred in meeting with and entertaining contractors, supervisors and others in the construction business with luncheons, refreshments, including tips, together with tolls, parking fees, rail, auto expenses and local transportation partially reimbursed by certain union locals are deductible under section 162 and not disallowed under section 274 and (2) whether petitioners are entitled to refund in the amount of $ 2,717 on account of the non-availability of section 63 to the respondent. [1]
FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and attached exhibit are incorporated herein by this reference. The petitioners filed a joint income tax return for the calendar year *199 1973. At the time of filing their petition, petitioners resided at 204 Mott Avenue, Laurence, New York. Petitioner, A. Scott Wood, (hereinafter referred to as the petitioner) was employed as a "Business Representative" of Locals 950 and 353, United Brotherhood of Carpenters and Joiners of America (UBCJA), Rockaway Turnpike and Randall Avenue, Laurence Long Island, New York. He was first elected to that office in March 1965 and held it throughout 1973. Local 353 was located in Rockaway Beach, Queens County, New York City, New York; Local 950 was located in Lynbrook, Nassau County, Long Island, New York. The record is somewhat confusing in that one Angelo Pancia appears to have acted also as "Business Representative" for both locals although there was a territorial division; the dividing line being Long Beach Road. Apparently each, at times, covered the other's territory or part of it. Pancia was from Local 353; petitioner was from Local 950. Petitioner's daily workday consisted of reporting to the office by 7:00 a.m. At 9:00 a.m. he would visit construction sites where carpenters under his jurisdiction were working; at 3:00 p.m. he would be back in the office to receive *200 telephone calls from members who were laid off and from contractors that wanted to put men to work the next day and for any other office business that arose. He would quit work about 5:00 p.m. Petitioner in visiting the large construction sites (there were about seven in the taxable year) would spend considerable time talking to the superintendents of construction. Under the union agreement the contractor was entitled to select 50% of the union carpenters. Considerable negotiations were conducted on how many additional employees might be put on or laid off and to what extent they were chargeable to the contractor's group or the two locals. He would also confer with the general foreman and with carpenter foremen from time to time. Petitioner incurred expenses in meeting with and entertaining contractors, supervisors, and others in the construction business in the nature of luncheons, refreshments, tips, tolls, parking fees, rail order expenses, local transportation and other miscellaneous items. Of the $ 6,240 claimed by petitioners for such expenses, $ 520 represented tolls, $ 1,040 represented tips and $ 4,680 represented entertainment of persons described above. Petitioner *201 was given an allowance by the union of $ 50 a week for incidental expenses. It was petitioner's practice to pick up the check for all participants on some occasions; on other occasions other participants would pick up such check. Petitioner used a union-owned automobile for all business activities during 1973. All expenses incurred in operation of the automobile were paid with union funds and were not included in reimbursements received by petitioner nor deducted on the joint income tax return for 1973.
Respondent disallowed $ 3,640 of the $ 6,240 claimed as business expense consisting of the items described above. Petitioners reported in their income $ 2,600 received as reimbursement for petitioner's "employee business expense." This amount was paid to petitioner by the Business Agent Fund UBCJA, Locals 950 and 353 at the rate of $ 50 per week. OPINION Petitioner was unable to identify what part or items of the total amount claimed was reimbursed by the $ 2,600 payment. He had kept no records. His method of accounting for his expenditures was to subtract mentally the amount of money on hand at the end of the week from the amount he had at the beginning of the week. At *202 the time of preparing his income tax returns he based his claimed deduction on his recollection of his average weekly expenditures during the year. He testified that he reported these amounts periodically to the union. However, such union records, if they existed, have been destroyed. He offered in evidence a letter from the Treasurer of the "B. H. Fund" to the effect that petitioner incurred the amounts claimed. Although it was admitted over respondent's objection, subsequent examination developed the fact that petitioner had supplied the amounts to the writer of the letter. In short, the evidence was hearsay to the writer and thus of no value as substantiation of petitioner's claim. The respondent determined that the $ 3,640 balance represented entertainment expense. Since petitioners have failed to show it did not represent entertainment expense, and, assuming for purposes of this case, the expense meets the test of section 162, we must apply the provisions of section 274 and the regulations thereunder. Section 1.274-5(c)(1), Income Tax Regs., requires a taxpayer to substantiate by adequate records or by sufficient evidence corroborating his own statements as will constitute *203 clear proof of an expenditure for entertainment. A record of the amount, time and place of the entertainment, business purpose and business relationship to the taxpayer of each person entertained made at or near the time of the expenditure, supported by sufficient documentary evidence has a high degree of credibility. The substantiation requirements of section 274(d) are designed to encourage taxpayers to maintain records, together with documentary evidence. To meet the "adequate records" requirement of section 274(d), a taxpayer must maintain an account book, diary, statement of expense, or similar record and documentary evidence as described above, which will establish the information required by law. Section 1.274-5(c)(2), Income Tax Regs.
Section 274 contemplates substantiation by more than the self-serving testimony of the taxpayer. Ashby v. Commissioner,50 T.C. 409 (1968), and section 1.274-5(c)(1), Income Tax Regs. The only evidence presented by petitioner to substantiate the amounts allegedly spent for entertainment was his own self-serving testimony. Petitioner did not retain any records to indicate when and on whom such amounts were expended. Petitioner *204 therefore fails to meet his burden of proving that the Commissioner's determination is incorrect. Petitioner offered no evidence with respect to his claim for a refund in the amount of $ 2,717 on the grounds that section 63 was not available to respondent. We assume he has abandoned the claim. Decision will be entered for the respondent. Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954.↩