SIMON J. DONNELLY and KATHERINE DONNELLY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Donnelly v. Commissioner
Docket No. 7615-72.
United States Tax Court
T.C. Memo 1974-226; 1974 Tax Ct. Memo LEXIS 90; 33 T.C.M. (CCH) 1002; T.C.M. (RIA) 74226; August 29, 1974, Filed. Sidney Meyers, for the petitioners. L. William Fishman, for the respondent. QUEALY
MEMORANDUM FINDINGS OF FACT AND OPINION QUEALY, Judge: Respondent has determined deficiencies in the income tax of petitioners for the taxable years 1967 and 1968 in the amounts of $8,921.02 and $8,337.33, respectively. The only questions before the Court for our determination are as follows: (1) Whether petitioner Simon J. Donnelly is entitled to deduct under section 162 [1] certain travel and entertainment expenses incurred in the taxable years 1967 and 1968.
(2) Whether petitioner received constructive dividends from Crown Marking Equipment Co. and R.A. Stewart & Co., Inc., during the years 1967 and 1968 in the amounts determined by respondent. FINDINGS OF FACT Petitioners Simon J. Donnelly and Katherine Donnelly are husband and wife whose legal residence at the time of the filing of the petition herein was Deerfield Beach, Florida. Petitioners also maintained *92 a home in Great Neck, Long Island, during the period in question. Petitioners filed timely joint Federal income tax returns for the taxable years 1967 and 1968. During the years in question, Simon J. Donnelly (hereinafter referred to as "petitioner") was president and shareholder of Crown Marking Equipment Co., a Pennsylvania corporation (hereinafter referred to as "Crown"), and R.A. Stewart & Co., Inc., a New York corporation (hereinafter referred to as "Stewart"). [2] Crown was in the business of manufacturing and distributing marking devices which included rubber stamps, dating stamps, and numbering machines of all kinds. Stewart acted as Crown's exclusive distributor in the eastern part of the United States, in addition to manufacturing and distributing its own marking devices. In addition to his positions with Crown and Stewart, petitioner also served as president of several other corporations located in New Jersey, Illinois, Georgia, and Toronto, which were interrelated in one way or another to the business operations of Crown and Stewart. *93 Petitioner spent from December to April of both 1967 and 1968 at his Florida residence, while spending the balance of each year at his Long Island home. During the period he was in Florida, petitioner returned to New York one week out of each month to check up on his New York, New Jersey, and Philadelphia operations. When petitioner resided on Long Island, he commuted daily to New York City from which point he would make trips to the various business locations. He traveled to Chicago at least twice every 6 months. On his joint income tax returns for 1967 and 1968, petitioner showed a business expense of $9,500 on account of travel and entertainment. In determining the amount claimed as a deduction, the petitioner offset the total expense claimed by the amounts received from Crown and Stewart as reimbursement for such expense. [3]
In his deficiency notice, respondent disallowed as a *94 deduction the full amount of the travel and entertainment expenses claimed by petitioner for 1967 and 1968 for lack of substantiation. Respondent also determined that petitioner had received from Crown in 1967 and 1968 certain travel allowances in the amounts of $5,277.58 and $4,119.39, respectively. Since neither Crown nor petitioner could substantiate these expenses for either 1967 or 1968 as required by section 274, respondent disallowed any deduction to Crown on account of such expenses, and treated the payment by Crown of such amounts to petitioner as constructive dividends to him.
In addition, respondent further determined that petitioner had received a constructive dividend from Stewart in 1967 in the amount of $563.14. Such amount represents petitioner's proportionate share, based on his stock interest in Stewart, of an entertainment expense claimed by Stewart as a deduction on its 1967 corporate income tax return, but disallowed by respondent for lack of substantiation by either Stewart or petitioner. [4]
Petitioner has submitted no evidence *95 whatsoever to substantiate any of his claimed travel and entertainment expenses for either 1967 or 1968. He conceded that the amount of $9,500 claimed on his returns for both years was a mere estimate or approximation of the expenses incurred. OPINION The first issue for our determination is whether petitioner is entitled to deduct under section 162 certain travel and entertainment expenses allegedly incurred in the taxable years 1967 and 1968. In order for petitioner to prevail on this issue, he must not only show that these expenses were ordinary and necessary and proximately related to his trade or business as required by section 162, but must also comply with the additional substantiation requirements of section 274. William F. Sanford, 50 T.C. 823 (1968), affd. 412 F.2d 201 (C.A. 2, 1969). Section 274(d) provides that no deduction shall be allowed under either section 162 or 212 for the type of expenses at issue unless the taxpayer substantiates such expenses by "adequate records" or "sufficient evidence corroborating his own statement." [5]Henry Schwartz Corp., 60 T.C. 728 (1973). The taxpayer must show (1) the amount of the *96 expense; (2) the time and place of the travel or entertainment; (3) the business purpose of the expense; and (4) the business relationship to the taxpayer of the persons entertained. The regulations under section 274 further clarify and detail the requirements of the statute. See sec. 1-274-5(b) (2) and (3), Income Tax Regs.[6]
*97 Clearly, petitioner has failed in every respect to meet the requirements of either section 162 or section 274(d). The record is totally devoid of any evidence indicating the time, place, amount or purpose of any of his claimed travel or entertainment expenses. At trial, petitioner's testimony was vague and confused at best. He was unable to detail for either 1967 or 1968 any part of the $9,500 travel and entertainment expense deduction claimed on his returns for those years. Furthermore, he conceded at trial that the travel and entertainment expenses in issue were mere estimates or approximations of such expenses. Under such circumstances, we are compelled to deny petitioner a deduction for any part of the travel and entertainment expenses claimed on his 1967 and 1968 returns. See William K. Coors, 60 T.C. 368 (1973); John L. Ashby, 50 T.C. 409 (1968). The remaining issue concerns whether petitioner received constructive dividends from Crown in 1967 and 1968 in the amounts of $5,277.58 and $4,119.39, respectively, and from Stewart in 1967 in the amount of $563.14. These amounts represent certain travel and entertainment expenses claimed as business *98 deductions by Crown and Stewart on their corporate income tax returns for 1967 and 1968 and disallowed by respondent for lack of substantiation under section 274. [7] Respondent has determined that such amounts were paid, directly or indirectly, for the personal benefit of petitioner and, as such, constitute constructive dividends to him. William K. Coors, supra; John L. Ashby, supra; Eugene A. Mohr, 45 T.C. 600 (1966). The mere fact that these expenses have been disallowed as deductions to Crown and Stewart does not automatically result in the full amount of such disallowance being a constructive dividend to petitioner. John L. Ashby, supra. Petitioner, however, has provided the Court with no basis upon which we could make an approximation under the principle of Cohan v. Commissioner, 39 F.2d 540 (C.A. 2, 1930), of any part of the expenses in dispute as allowable under section 162. Cf. *99 Henry Schwartz Corp., supra. Furthermore, at trial, petitioner did not challenge respondent's determination on this matter. Moreover, petitioner failed to file a brief on his own behalf. Absent a showing by petitioner that the payment of such expenses by Crown and Stewart did not inure to his personal benefit, we are constrained to uphold the determination of respondent. Welch v. Helvering, 290 U.S. 111 (1933); Eugene A. Mohr, supra. In accordance with the above, Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Katherine Donnelly is a petitioner herein only by virtue of having filed a joint return with her husband, Simon J. Donnelly. ↩
3. On his 1967 return, petitioner offset his claimed $9,500 travel and entertainment deduction by $3,000 received from Crown and by $2,100 received from Stewart. On his 1968 return, he reduced his claimed deduction of $9,500 by $2,100 received from Crown and $3,200 received from Stewart. ↩
4. The entertainment expense disallowed by respondent was a charge of $2,194.63 at Gasner's Restaurant in New York City. ↩
5. SEC. 274. DISALLOWANCE OF CERTAIN ENTERTAINMENT, ETC., EXPENSES. * * * (d) Substantiation Required. - No deduction shall be allowed - (1) under section 162 or 212 for any traveling expense (including meals and lodging while away from home), (2) for any item with respect to an activity which is of a type generally considered to constitute entertainment, amusement, or recreation, or with respect to a facility used in connection with such an activity, or (3) for any expense for gifts, unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating his own statement (A) the amount of such expense or other item, (B) the time and place of the travel, entertainment, amusement, recreation, or use of the facility, or the date and description of the gift, (C) the business purpose of the expense or other item and, (D) the business relationship to the taxpayer of persons entertained, using the facility, or receiving the gift. The secretary or his delegate may by regulations provide that some or all of the requirements of the preceding sentence shall not apply in the case of an expense which does not exceed an amount prescribed pursuant to such regulations. ↩
6. Sec. 1.274-5 Substantiation requirements. * * * (b) Elements of an expenditure - * * * * * * (2) Travel. The elements to be proved with respect to an expenditure for travel are - (i) Amount. Amount of each separate expenditure for traveling away from home, such as cost of transportation or lodging, except that the daily cost of the traveler's own breakfast, lunch, and dinner and of expenditures incidental to such travel may be aggregated, if set forth in reasonable categories, such as for meals, for gasoline and oil, and for taxi fares; (ii) Time. Dates of departure and return for each trip away from home, and number of days away from home spent on business; (iii) Place. Destinations or locality of travel, described by name of city or town or other similar designation; and (iv) Business purpose. Business reason for travel or nature of the business benefit derived or expected to be derived as a result of travel. (3) Entertainment in general. Elements to be proved with respect to an expenditure for entertainment are - (i) Amount. Amount of each separate expenditure for entertainment, except that such incidental items as taxi fares or telephone calls may be aggregated on a daily basis; (ii) Time. Date of entertainment; (iii) Place. Name, if any, address or location, and designation of type of entertainment, such as dinner or theater, if such information is not apparent from the designation of the place; (iv) Business purpose. Business reason for the entertainment or nature of business benefit derived or expected to be derived as a result of the entertainment and, except in the case of business meals described in section 274(e) (1), the nature of any business discussion or activity; (v) Business relationship. Occupation or other information relating to the person or persons entertained, including name, title, or other designation, sufficient to establish business relationship to the taxpayer. ↩
7. With respect to the amounts claimed by Stewart, petitioner is personally required to substantiate since he holds in excess of 10 percent of the corporation's outstanding stock. See sec. 1.274-5(e) (5) (ii), Income Tax Regs.↩