**ILLINOIS NATIONAL BANK, a Banking Corporation, as Conservator of the Estate of Earl Davenport, and Nellie Davenport, Plaintiffs-Appellees,**

v.

**UNITED STATES of America, Defendant-Appellant.**

**No. 12713.**

United States Court of Appeals Seventh Circuit.

Dec. 21, 1959.

Charles K. Rice, Asst. Atty. Gen., J. Dwight Evans, Jr., Lee A. Jackson, Robert N. Anderson, Attys., U. S. Dept. of Justice, Washington, D. C., Harlington Wood, Jr., U. S. Atty., Springfield, Ill., for appellant.

Harold M. Olsen, Olsen & Cantrill, Springfield, Ill., for appellees.

Before DUFFY, PARKINSON [1] and CASTLE, Circuit Judges.

CASTLE, Circuit Judge.

This is an appeal by the United States of America from a judgment in the amount of $10,601.63 entered in favor of the Illinois National Bank as conservator of the estate of Earl Davenport, an incompetent person, and Nellie Davenport, the wife of Earl Davenport in a suit for refund of an alleged overpayment of $15,231.12 in federal income tax for the year 1948.

Prior to July 25, 1947 Earl Davenport and Mayme Davenport were husband and wife. On July 18, 1947 Earl and Mayme Davenport entered into and executed a "Post Nuptial Stipulation and Settlement of Property Rights" and that part of the stipulation with which we are concerned is as follows:

"1. That the Plaintiff, Mayme Davenport intends to file an Amended Complaint for divorce in the above entitled cause, and

"2. The Defendant, Earl Davenport, will convey to the Plaintiff all his rights, title and interest by Quit Claim Deed in and to all real estate owned by the Plaintiff, Mayme Davenport; and the Plaintiff Mayme Davenport, shall Quit Claim to the Defendant all her rights, title and interest in the real estate owned by the Defendant, Earl Davenport, subject to the provisions hereinafter set forth.

"3. That the Defendant, Earl Davenport, will pay to the Plaintiff, Mayme Davenport, the sum of Fifty-two Thousand Dollars ($52,-000.00) in full settlement of all her right, title and interest in the real estate of the Defendant, and as settlement of her property right, claim for alimony or support money and including her attorney fees and court costs, said sum of money to be paid in the manner following:"

(The stipulation then recites the method of payment).

Paragraph 11 of said stipulation states as follows:

"It is understood and agreed that in case a decree is entered in this cause, this contract and each and all of the terms thereof shall be incorporated in such decree, and may be considered a part of such decree."

Thereafter, on July 25, 1947 the Circuit Court of Sangamon County, Illinois, in its decree dissolving the marriage between Earl and Mayme Davenport, incorporated and approved the agreement in accordance with the terms above set forth. Earl Davenport and Mayme Davenport carried out the provisions of the contract and decree by executing quit claim deeds in favor of each other in respect to their separate properties and on August 7, 1947, Earl Davenport paid

[1]. While Judge PARKINSON participated in the hearing of oral arguments and a conference of the division judges above-named, he was not present at the time of, and did not participate in, the adoption of this opinion. He concurred in the result reached in this opinion.

Mayme Davenport $52,000 as agreed in the post nuptial agreement. A portion of the land which Earl Davenport owned at the time of the settlement and divorce was sold on January 3, 1948, by Earl and his present wife, Nellie Davenport, for $120,221.75. In the joint return filed for the year 1948, the taxpayers, in computing an alleged loss on the sale of this land, included in full the $52,000 payment to Mayme Davenport as a cost of acquiring the land that was sold; which payment, in effect, they added to their cost basis of the land for the purpose of determining gain or loss. The $52,000 item was disallowed. On April 17, 1952, the Commissioner of Internal Revenue made a timely assessment of a deficiency in tax in the amount of $12,747.66, plus interest of $2,483.46. The total deficiency was paid, and on October 11, 1955, the taxpayers filed a timely claim for refund, which was denied on September 10, 1956. The taxpayers filed this suit for refund.

The District Court found that, of the $52,000 paid to Mayme Davenport, $5,000 was paid for her attorney's fees and was not attributable to the cost of acquisition of the land, but that "$47,000 was paid for release of her dower, homestead and rights of inheritance", and concluded that "the Director of Internal Revenue erred in disallowing the said $47,000 as a cost of acquisition basis". Judgment was entered against the United States on April 8, 1959, and notice of appeal was filed by the Government on June 5, 1959.

The contested issues are:

1. Whether, as a matter of law, the District Court erred in concluding that, for federal income tax purposes, a payment to a divorced spouse for release of her inchoate right to dower in real property may properly be added to the basis of the property in determining gain or loss from its sale.

2. Whether, on the basis of the evidence in the record, the District Court erred in concluding that the taxpayers sustained their burden of proving what portion of the $52,000 payment, if any,

was for the release of inchoate dower or homestead rights in the property sold.

3. Whether the evidence in the record supports the District Court's finding that the taxpayers' unadjusted cost basis for the property sold was $66,575.25.

■■ Under the Illinois law a former wife's inchoate right of dower is a mere expectancy. It is not a vested right. In the instant case the evidence clearly shows that the $52,000 payment was a lump sum general settlement of a marital dispute. In the case of O'Malley v. Yost, 8 Cir., 186 F.2d 603, 605, where the sole reason for such a payment was the estranged spouse's desire to sell the property it was stated that the money " 'which the Taxpayer paid to his wife so that he could convey good title' was not an expense of sale" within the meaning of the revenue laws. Here the payment was in no way connected with the sale of the property and we are of the opinion that the doctrine of the Yost case applies.

■ Neither can the payment to Mayme Davenport be held to have been a cost of defending or perfecting title to property. The evidence clearly shows that Earl Davenport had title to the property before the mutual exchange of quit claim deeds. The property was sold several months after the post nuptial agreement and divorce and it is evident that it was a personal expenditure within the terms of Sec. 24(a) (1) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 24(a) (1), and as such had no tax consequences.

■ The only evidence in the record to substantiate the original cost unadjusted basis of the land was the income tax return for the year 1948 which stated the cost at $66,575.25. The return was admitted in evidence as plaintiffs' Exhibit "A" pursuant to stipulation which simply provides that the exhibit is the original joint income tax return for 1948 which Earl and Nellie Davenport filed. We have searched the record and can find no stipulation or admission that either the unadjusted basis in the amount of

**234**

$66,575.25 as claimed in the return or the adjusted basis to which the $52,000 payment had been added were correct. The taxpayers had the burden of proving that this was a correct basis for determination of their tax liability. Decker v. Korth, 10 Cir., 219 F.2d 732, certiorari denied, 350 U.S. 830, 76 S.Ct. 61, 100 L.Ed. 740.

■ The government concedes the amount of $35,605.00 as a correct unadjusted cost basis for the land here involved. We are of the opinion that this is the correct unadjusted cost basis and by using that figure the Internal Revenue Service correctly computed the tax deficiency assessed and paid.

The judgment of the district court is reversed.

Reversed.