ALEX A. RUFF, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 1179–68. Filed June 30, 1969.

Alex. A. Ruff, pro se.
*Richard J. Shipley*, for respondent.

OPINION

To qualify as a head of a household within the meaning of section 1(b)(2) of the Code,[1] the petitioner must show (1) that he was neither married at the close of his taxable year nor a surviving spouse, and (2) that for the taxable year he maintained as his home a household which constituted the principal place of abode of his son as a member of such household. We have found that the petitioner was neither married at the close of his taxable year 1965 nor a surviving spouse and that during 1965 he maintained a furnished house as his home. The narrow question remaining is whether the household maintained by the petitioner constituted the principal place of abode of his son as a member of such household during 1965.

It is the petitioner's position that, pursuant to his obligations as a parent, he maintained a home throughout 1965 to which his son could return and feel welcome and, therefore, that he is entitled to the status of head of household. In support of his position, the petitioner contends that his son's absence from his household during 1965 (except for the 3-day visit during Christmas vacation) is not fatal to his head-of-household status, citing *Walter J. Hein*, 28 T.C. 826, and *Brehmer v. United States* (D. Minn. 1961), 191 F. Supp. 421. He further contends that although his former wife had been awarded custody of the child, it was not unreasonable to expect that his son might return to his custody, since, he claims, custody under the laws of New Mexico is at all times a nonpermanent situation.

It is the respondent's position that since during the taxable year the petitioner did not have legal custody of the child and the child's actual residence was apart from the petitioner, the petitioner's household was not the child's principal place of abode and that therefore the petitioner is not entitled to head-of-household status. We agree with the respondent.

Section 1.1–2(c)(1) of the Income Tax Regs.[2] provides in part that the dependent claimed to qualify the taxpayer as head of a household under section 1(b)(2)(A) of the Code must occupy the household

---

[1] Sec. 1 provides:

(b) RATES OF TAX ON HEADS OF HOUSEHOLDS.—

\* \* \* \* \*

(2) DEFINITION OF HEAD OF HOUSEHOLD.—For purposes of this subtitle, an individual shall be considered a head of a household if, and only if, such individual is not married at the close of his taxable year, \* \* \* and either—

(A) maintains as his home a household which constitutes for such taxable year the principal place of abode, as a member of such household, of—

(i) a son \* \* \* of the taxpayer \* \* \*

[2] This section provides:

The taxpayer and such other person must occupy the household for the entire taxable year of the taxpayer. \* \* \* The taxpayer and such other person will be considered as occupying the household for such entire taxable year notwithstanding temporary absences from the household due to special circumstances. \* \* \*

of the taxpayer for the entire taxable year of the taxpayer but that temporary absences due to special circumstances will not preclude head-of-household status. This requirement is in accord with the congressional intent.[3]

Under the facts of this case we cannot consider the son's absence from the petitioner's home during 1965 as a temporary absence due to special circumstances. The termination in 1963 of the petitioner's custody of his son together with the son's residence with his mother in 1963 and part of 1964 obviously constituted a change in the son's principal place of abode and ended the son's relationship as a member of the petitioner's household. Throughout the year in question, the petitioner's son spent only 3 days in the petitioner's household, these during the Christmas vacation of that year. It appears that this was merely a visit, and as such it was not sufficient to establish the petitioner's household as his son's principal place of abode during 1965. *Donald G. Teeling*, 42 T.C. 671. In the absence of any other evidence which would indicate that the petitioner's son had reestablished petitioner's household as his principal place of abode, we must conclude that the son's principal place of abode was elsewhere during 1965.

The cases relied upon by the petitioner are not in point. Both the *Hein* and *Brehmer* cases involved unique situations where the dependents claimed as conferring head-of-household status upon the taxpayers were absent from the taxpayers' homes due to the special circumstance of illness. In both cases the dependents were members of the taxpayers' households immediately before their absence and in neither case was it intended that such absence would terminate that relationship. Finally, even though in both cases it may have been unlikely to expect the dependents to return to the taxpayers' homes, there was no indication that the dependents had chosen new principal places of abode.

In view of our conclusion that at no time during the taxable year was the petitioner's household the principal place of abode of the son, obviously the provision of the regulations relating to temporary absences has no application.

The respondent's determination that the petitioner is not entitled to head-of-household treatment for the taxable year 1965 is approved.

*Decision will be entered for the respondent.*

---

[3] See S. Rept. No. 1635, 83d Cong., 2d Sess., p. 5, which states in part: "the dependents qualifying the taxpayer for such status must live in the taxpayer's household."