ROBERT W. CUBICK, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cubick v. Commissioner
Docket Nos. 7101-75, 9943-75.
United States Tax Court
T.C. Memo 1977-102; 1977 Tax Ct. Memo LEXIS 342; 36 T.C.M. (CCH) 473; T.C.M. (RIA) 770102; April 6, 1977, Filed Robert W. Cubick, pro se. R. Gary Lowen, for the respondent. TANNENWALD
MEMORANDUM FINDINGS OF FACT AND OPINION TANNENWALD, Judge: Respondent determined deficiencies of $762.45 and $1,070.73 in petitioner's income tax for the taxable years 1973 and 1974, respectively. The issues involved are whether petitioner is entitled (1) to use the head-of-household *343 rates under section 1(b); [1] (2) to a deduction for expenses in maintaining his home; and (3) for a loss representing the cost of building a home in which he and his forme wife lived. Petitioner resided in Struthers, Ohio, at the time he filed his petitions herein. He was married. In May 1967, he was divorced and his wife was given custody of their son. She was the owner of the home in which she, petitioner, and the son lived and she retained said ownership and continued to live therein after the divorce and during the taxable years in question. The divorce required petitioner to establish a trust of $25,000 out of which the trustee was to pay a fixed amount per month to the former wife for the support of herself and her child and amounts due on the mortgage and for taxes and maintenance on said home through September 1969. Petitioner had visitation rights and the son stayed with him from time to time in his new home. We deal with the claimed loss issue first. Petitioner asserts that, as a condition to his marriage, he contracted to build a home *344 for his prospective wife, that he in fact built the home, that he was in the business of being a builder in so doing, and that he lost the home as a result of the divorce. His position is without merit. Assuming without deciding that he has sustained his burden of proof as to the cost of the home, his deduction fails because: (1) the home was his residence and losses in respect of the transfer of a residence are not deductible (section 1.165-9(a), Income Tax Regs.); (2) the origin of of any loss was his pre-marriage agreement with his former wife and therefore its origin was personal in character ( United States v. Gilmore,372 U.S. 39 (1963); cf. Illinois National Bank v. United States,273 F. 2d 231 (7th Cir. 1959)); and (3) the loss, if any, occurred prior to either of the taxable years in issue (section 1.165-1(d)(1), Income Tax Regs.). With respect to petitioner's claim of the right to use head-of-household rates, it is clear that the occasional visits by his son to his home were not sufficient to make it the son's "principal place of abode," a precondition under section 2(b) to the availability of the rates established by section 1(b). *345 Stanback, Jr. v. United States F. Supp. (M.D.N.C., 1977); Ruff v. Commissioner,52 T.C. 576 (1969). The expenses of maintaining a home which would be available for petitioner's son when he came to stay with him were attributable to petitioner's marital difficulties and are clearly personal in nature. They are therefore not deductible. United States v. Gilmore,supra.
Decision will be entered for the respondent. Footnotes
1. All references are to the Internal Revenue Code of 1954 as amended and in effect during the taxable years in issue.↩