CHARLIE M. PUCKETT, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Puckett v. Commissioner
Docket No. 7799-76.
United States Tax Court
T.C. Memo 1978-337; 1978 Tax Ct. Memo LEXIS 179; 37 T.C.M. (CCH) 1382; T.C.M. (RIA) 78337; August 25, 1978, Filed *179 (1) P, a truck driver, incurred expenses for meals while away from home on business in 1974, but kept records of such expenses for only part of that year. The Commissioner allowed P a deduction of $ 6.50 for each day he was traveling away from home, and the total deduction so computed exceeded the amount shown by P's records. Held, since P did not maintain the records required by sec. 274(d), I.R.C. 1954, to substantiate his expenditures for meals throughout the year, he has failed to prove that he is entitled to a larger deduction than that allowed by the Commissioner. (2) P furnished over $ 1,200 in 1974 in support of his son by a former marriage. P's former wife furnished more support for the son than P in that year. Held, P is not entitled to a dependency deduction for his son. Sec. 152(e), I.R.C. 1954. (3) P's son resided with him for 6 weeks during 1974; he resided with P's former wife the remainder of the year. Held, P's residence was not his son's principal place of abode during that year; therefore, P is not entitled to use head of household rates for that year. Sec. 2(a), I.R.C. 1954. *180 Charlie M. Puckett, pro se. Mathew E. Bates, for the respondent. SIMPSON
MEMORANDUM FINDINGS OF FACT AND OPINION SIMPSON, Judge: The Commissioner determined a deficiency of $ 367.00 in the petitioner's Federal income tax for 1974. The issues presented for decision are: (1) Whether the petitioner has adequately substantiated all his expenses for meals purchased while away from home on business and may deduct the amount claimed as a business expense; (2) whether he is entitled to a dependency deduction for his son by a former marriage; and (3) whether he was the head of a household *182 and is entitled to use head of household rates in computing his 1974 Federal income tax. FINDINGS OF FACT Some of the facts have been stipulated, and those facts are so found. The petitioner, Charlie M. Puckett, maintained his legal residence in Winston-Salem, N.C., at the time his petition was filed in this case. He filed his individual Federal income tax return for the calendar year 1974 with the Internal Revenue Service Center in Memphis, Tenn.
Mr. Puckett worked as a truck driver during 1974 and spent 220 days away from home on such business. During part of that time, he kept logbooks which indicated distances traveled, locations traveled to, and hours worked. The logbooks also contained a record of amounts spent by Mr. Puckett for meals consumed while away from home.These logbooks covered February through mid-October 1974 and showed that he spent $ 1,069.77 for meals during such period. In preparing his Federal income tax return for 1974, Mr. Puckett estimated that he spent $ 9.50 per day for meals while away from home and, on that basis, deducted $ 2,090.00 as a business expense. The Commissioner allowed Mr. Puckett a deduction of $ 6.50 per day, or $ 1,430.00, *183 for meals consumed while away from home in that year. Mr. Puckett separated from Violet W. Puckett, his former wife, in 1972; they were divorced in May 1974. In 1968, one child, Charles Everett Puckett, was born of that marriage. The son resided with Mr. Puckett for 6 weeks during 1974. During 1974, Mr. Puckett expended the following amounts in support of his son: Item
Amount
Support payments
$ 931.00
Clothing
40.15
Shoes
17.90
Underwear
7.04
Doctor bill
21.00
Drugs
2.19
School insurance
4.50
Child care
106.00
Gifts
126.00
Haircuts
12.00
Lunches
15.00
Total
$ 1,282.78
Mr. Puckett also furnished transportation for his son in the amount of $ 30 during 1974. In addition, he paid $ 420 per month for household expenses--groceries, utilities, and rent--while his son lived with him. During such time, four persons, including Mr. Puckett and his son, shared the residence. On his 1974 Federal income tax return, Mr. Puckett claimed a dependency deduction for his son and used head of household rates to compute his tax. The Commissioner disallowed the dependency deduction and determined that the petitioner was not entitled to use *184 head of household rates. During 1974, Violet Puckett had legal custody of their son, and he resided with her for 46 weeks. In that year, she expended the following amounts in support of the child: Amount Allocable Item
Total
to Child
Rent
$ 320.00
$ 160.00
480.00
240.00
540.00
270.00
Groceries
80.00
40.00
1,320.00
660.00
Utilities
766.00
383.00
Clothing
200.00
Medical care
80.00
Child care
690.00
Entertainment (ex-
penses at beach)
540.00
270.00
Total
$ 4,046.00
$ 2,993.00
In addition, in 1974 Mrs. Puckett used her car to take her son to 10 movies in a city 25 miles from her home, amounting to 500 miles of use of the car. She took him to the same city twice a month to shop during the months that he was with her, amounting to 1,000 miles of use. The three beach trips totaled 1,020 miles. OPINION The first issue to be decided is whether the petitioner can deduct $ 2,090 for meals consumed while away from home on business. Section 162(a)(2) of the Internal Revenue Code of 1954[1] allows deductions for all ordinary and necessary business expenses, including traveling expenses *185 incurred while away from home in pursuit of a trade or business; traveling expenses include the cost of meals and lodging. Sec. 162(a); United States v. Correll,389 U.S. 299 (1967). However, the deductibility of such expenses is limited by the substantiation requirements of section 274(d), which provides, in part: No deduction shall be allowed-- (1) under section 162 * * * for any traveling expense (including meals and lodging while away from home), * * *
unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating his own statement (A) the amount of such expense or other item, (B) the time and place of the travel, * * * (C) the business purpose of the expense or other item * * * Under the regulations, the petitioner is required to substantiate the amount, time, place, and business purpose of his travel expenses "by adequate records or by sufficient evidence corroborating his own statement." Sec. 1.274-5(c)(1), Income Tax Regs. To meet the "adequate records" requirement, a taxpayer must maintain an account book, *186 diary, statement of expense, or similar record prepared contemporaneously with the expenditure and, in certain situations, produce documentary evidence, which together establish each element of an expenditure. Sec. 1.274-5(c), Income Tax Regs.; Sanford v.Commissioner,50 T.C. 823 (1968), affd. per curiam 412 F. 2d 201 (2d Cir. 1969), cert. denied 396 U.S. 841 (1969). In the absence of adequate records, a taxpayer may alternatively establish an element of an expense: (i) By his own statement, whether written or oral, containing specific information in detail as to such element; and (ii) By other corroborative evidence sufficient to establish such element. If such element is * * * the cost, time, place, or date of an expenditure, the corroborative evidence shall be direct evidence, such as a statement in writing or the oral testimony of persons entertained or other witness setting forth detailed information about such element, or the documentary evidence described in subparagraph (2) of this paragraph. If such element is * * * the business purpose of an expenditure, the corroborative evidence may be circumstantial evidence. [Sec. *187 1.274-5(c) (3), Income Tax Regs.] Sanford v. Commissioner,supra;Ashby v. Commissioner,50 T.C. 409 (1968). The regulations also provide: If a taxpayer has not fully substantiated a particular element of an expenditure, but the taxpayer establishes to the satisfaction of the district director that he has substantially complied with the "adequate records" requirements of this subparagraph with respect to the expenditure, the taxpayer may be permitted to establish such element by evidence which the district director shall deem adequate. [Sec. 1.274-5(c) (2) (v), Income Tax Regs.] Acting under such authority, the district director allowed the petitioner a deduction of $ 6.50 a day for meals. The petitioner, on the other hand, claims that he has provided adequate substantiation for his meals for the period from February through mid-October 1974 and asks us to accept his estimate for the balance of the year based on the information shown in such records. In the first place, it is altogether clear that the petitioner has not complied with the requirements of section 274(d) with respect to the period for which he has no records. *188 For the trips during such period, he has offered no records to establish the time, amount, and place of the alleged expenditures for meals, and his own testimony lacks the required specificity. The menus offered by him utterly fail to establish those elements for such period, since they do not show the amount, the time, or the place of expenditures actually made by the petitioner. Hughes v. Commissioner,451 F. 2d 975, 979 (2d Cir. 1971), affg. a Memorandum Opinion of this Court.Although we can assume that he ate some meals on the trips during such period, we cannot rely on a mere estimate of the time, the amount, and the place of such expenditures. An estimation of such expenditures by this Court would, in effect, invoke the rule of Cohan v. Commissioner,39 F. 2d 540 (2d Cir. 1930), a rule whose use in travel expense deductions was expressly rejected by the Congress when it enacted section 274(d): This provision is intended to overrule, with respect to such expenses the so-called Cohan rule. In the case of *189 Cohan v. Commissioner,39 F. 2d 540 (C.A. 2d, 1930), it was held that where the evidence indicated that a taxpayer had incurred deductible expenses but their exact amount could not be determined, the court must make "as close an approximation as it can" rather than disallow the deduction entirely. Under your committee's bill, the entertainment, etc., expenses in such a case would be disallowed entirely. The requirement that the taxpayer's statements be corroborated will insure that no deduction is allowed solely on the basis of his own unsupported, self-serving testimony.* * * [H. Rept. No. 1447, 87th Cong., 2d Sess. (1962), 1962-3 C.B. 405, 427; S. Rept. No. 1881, 87th Cong., 2d Sess. (1962), 1962-3 C.B. 707, 741.] See also Sanford v. Commissioner,50 T.C. at 828; Ashby v. Commissioner,50 T.C. at 415.
Moreover, there are several reasons to question the reliability of the records presented by the petitioner. At the first conference with IRS, he offered no logs to support his claim; only later did he submit the logs, together with their notations, in support of his claim for travel expenses.There *190 is no explanation as to why he maintained and presented the logs, together with such notations, for part of the year, but not for the entire year. In addition, the notations show that on some days, he ate only one meal away from home; on other days, he ate two meals; and on still other days, he ate three meals away from home. Finally, some of the meal expenses that were shown on the logs were for meals eaten in Winston-Salem, which was his home area. Thus, we cannot say that the district director was unreasonable in refusing to accept such records as a reliable basis for estimating his meal expenses for the entire year. For these reasons, we conclude and hold that the petitioner has failed to prove that he is entitled to any larger deduction for meal expenses than that allowed by the Commissioner. The next issue for our decision is whether the petitioner or his former wife is entitled to a dependency deduction for their son. Section 152(e) (1) provides that when the parents are divorced, the custodial parent is entitled to a dependency deduction when the child receives over half his support from his divorced parents and is in their custody for over half the calendar year. However, *191 the special rule of section 152(e) (2) provides, in part: (2) Special rule.--The child of parents described in paragraph (1) shall be treated as having received over half of his support during the calendar year from the parent not having custody if-- * * *
(B) (i) the parent not having custody provides $ 1,200 or more for the support of such child (or if there is more than one such child, $ 1,200 or more for all of such children) for the calendar year, and (ii) the parent having custody of such child does not clearly establish that he provided more for the support of such child during the calendar year than the parent not having custody. For purposes of this paragraph, amounts expended for the support of a child or children shall be treated as received from the parent not having custody to the extent that such parent provided amounts for such support. [2]
In the present case, the child received *192 over half of his support from his divorced parents and was in their custody for all of 1974. Thus, the petitioner may claim a dependency deduction for his son only if he proves that he spent $ 1,200 or more for his son's support in 1974 and if the petitioner's former wife, the custodial parent, does not clearly establish that she provided more support for their son than did the petitioner. After carefully considering the evidence presented, we have concluded that while the petitioner furnished more than $ 1,200 in support of his son in 1974, his former wife provided more support for the son than did the petitioner; thus, the petitioner is not entitled to a dependency deduction for his son for 1974. We have allowed certain amounts claimed as support furnished by the petitioner. In addition to $ 931.00 in support payments to which the parties have stipulated, we have given the petitioner credit for furnishing clothing for his son in the amounts of $ 40.15, $ 7.04, and $ 17.90; his testimony concerning such expenses, and receipts evincing payment, convince us that such amounts were actually expended in support of his son. Similarly, we have allowed as support the expenses for medical *193 care, drugs, and school insurance, which the petitioner paid for his son; the bills and the testimony offered prove that such amounts were spent, and such expenses clearly constitute support. [3]
We have also included $ 15.00 for school lunches which the petitioner paid for his son. These school lunches, which the son purchased for 20 days, cost only 50 cents per day, but there was an additional charge if a dessert was purchased. Although the petitioner did not know the cost of such desserts nor how often his son purchased them, we assume that his son did purchase desserts on occasion, since *194 the petitioner knew of the extra charge. Thus, using the Cohan rule, we have allowed 25 cents per day for dessert, or $ 5.00 for the 20-day period. We have also allowed $ 12.00 for haircuts as support furnished by the petitioner for his son, using $ 3.00 as the cost of each haircut. In addition, we have included as support furnished by the petitioner the child-care payments paid to a babysitter and the gifts bought for his son. Both items properly constitute support, and although no receipts were introduced as to the gifts, we find $ 126.00 represents a reasonable amount for the petitioner to have spent on gifts for his son throughout the year. On the other hand, other amounts claimed by the petitioner are clearly not includable as support furnished by him.The transportation costs, which apparently represent travel expenses incurred by the petitioner in exercise of his visitation rights, are not items of support. Vance v. Commissioner,36 T.C. 547, 550 (1961). Similarly, a portion of the household expenses allocable to the son which were incurred by the petitioner while his son was visiting may not be included as support. *195 Vance v. Commissioner,supra.
Although the petitioner provided $ 1,282.78 in support of his son, Mrs. Puckett, the custodial parent, clearly provided more support than did the petitioner. She did not introduce receipts or checks to substantiate her expenditures; however, the amounts claimed for lodging, food, utilities, clothing, medical care, and childcare expenses were all reasonable. The statute requires a higher standard of proof of the custodial parent in such cases: It is our view that the common import of the words "clearly establish," as used in section 152(e)(2)(B)(ii), requires only that it be shown by a clear preponderance of the evidence that the parent having custody of the children provided a greater amount for their support than the parent not having custody. A "clear preponderance" of the evidence means something more positive and explicit, as opposed to inferences to be drawn from ambiguous and equivocal proof. In other words, it is evidence that tends directly to establish the point to which it is adduced, instead of leaving it a matter of conjecture or presumption. * * * *196 [Labay v. Commissioner,55 T.C. 6, 13 (1970), affd. per curiam 450 F. 2d 280 (5th Cir. 1971); emphasis in original.] Mrs. Puckett offered credible testimony which clearly and unequivocally established her expenses, and we conclude that her evidence meets the higher standard of proof required of her. In addition, she used her car to drive her son to the beach, movies, and shopping, for a distance of 2,520 miles; at a rate of 15 cents per mile for use of the car (Rev. Proc. 74-23, 1974-2 C.B. 476), such transportation cost $ 378, one-half of which is allocable to her son and is included as support furnished by the custodial parent. Of the $ 3,182 in support furnished by Mrs. Puckett, $ 931 of such amount represents child support payments she received from the petitioner. Thus, the amount of support she provided was $ 2,251. The amount of support furnished by Mrs. Puckett for their son was nearly $ 1,000 more than that furnished by the petitioner. Accordingly, we hold that the petitioner's former wife has proven that she provided more support for their son than did the petitioner in 1974, and that the petitioner is not entitled to *197 a dependency deduction for the child. The final issue for our decision is whether the petitioner qualified as the head of a household in 1974 and is entitled to use head of household rates in computing his Federal income tax for that year. Section 2(b) provides, in part: an individual shall be considered a head of a household if, and only if, such individual is not married at the close of his taxable year, is not a surviving spouse (as defined in subsection (a)), and either-- (A) maintains as his home a household which constitutes for such taxable year the principal place of abode, as a member of such household, of-- (i) a son, stepson, daughter, or stepdaughter of the taxpayer * * * The legislative history of the predecessor of section 2(b), which was identical to it, further clarifies the meaning of the statute. "Section * * * [2(b)] is intended to apply only where the taxpayer and such other members of the household live together in such household during the entire taxable year." H. Rept. No. 586, 82d Cong., 1st Sess. (1951), 1951-2 C.B. 357, 434. When section 2(b) was enacted, the legislative history included the statement "the dependents qualifying *198 the taxpayer must actually live in his household." Conf. Rept. No. 2543, to accompany H.R. 8300 (Pub. L. 591), 83d Cong., 2d Sess., 21 (1954); Prendergast v. Commissioner,57 T.C. 475, 478 (1972), affd. 483 F. 2d 970 (9th Cir. 1973); Ruff v. Commissioner,52 T.C. 576, 578 (1969). Such requirement is also set forth in section 1.2-2(c)(1), Income Tax Regs.: (c) Household. (1) In order for a taxpayer to be considered as maintaining a household by reason of any individual described in paragraph (a)(1) or (b)(3) of this section, the household must actually constitute the home of the taxpayer for his taxable year. * * * Such home must also constitute the principal place of abode of at least one of the persons specified in such paragraph (a)(1) or (b)(3) of this section. It is not sufficient that the taxpayer maintain the household without being its occupant. The taxpayer and such other person must occupy the household for the entire taxable year of the taxpayer. * * *
Ruff v. Commissioner,supra; *199 Grace v. Commissioner,51 T.C. 685, 687-691 (1969), affd. per curiam 421 F. 2d 165 (5th Cir. 1969). The petitioner can use head of household rates for 1974 only if his household constituted the principal place of abode of his son for that year. The petitioner's son stayed there only 6 weeks during 1974; he did not "actually live"in the petitioner's household nor did he occupy such residence with the petitioner for the entire taxable year. The regulations also provide that: The taxpayer and such other person will be considered as occupying the household for such entire taxable year notwithstanding temporary absences from the household due to special circumstances. A nonpermanent failure to occupy the common abode by reason of illness, education, business, vacation, military service, or a custody agreement under which a child or stepchild is absent for less than 6 months in the taxable year of the taxpayer, shall be considered temporary absence due to special circumstances. Such absence will not prevent the taxpayer from being considered as maintaining a household if (i) it is reasonable to assume that the taxpayer or such other person will return *200 to the household, and (ii) the taxpayer continues to maintain such household or a substantially equivalent household in anticipation of such return. [Sec. 1.2-2(c)(1), Income Tax Regs.] Yet, such provision does not help the petitioner since the absence of his son from his household was not temporary and was not due to any of the circumstances enumerated in the regulations. Although the petitioner's son attended classes while living with the petitioner, there is no evidence that the boy intended to, or did in fact, make the petitioner's residence his own principal residence. "Petitioner does not qualify as a head of a household because of * * * [his child's] presence in his household during some portion of the year." Teeling v. Commissioner,42 T.C. 671, 681 (1964); Ruff v. Commissioner,supra ac 579. Rather, the facts show that Mrs. Puckett had legal custody of her son in 1974, and that he lived with her for 46 weeks that year; thus, her household, rather than the petitioner's, was the principal place of abode of the son during 1974. To reflect our opinion, Decision will be entered for the respondent.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 as in effect during the year in issue.↩
2. Sec. 152(e)(2)(B)↩ was amended by the Tax Reform Act of 1976, Pub. L. 94-455, 90 Stat. 1932, to provide that the noncustodial parent must contribute at least $ 1,200 for each of the children, in addition to satisfying the other requirements, in order to receive the deduction.
3. Sec. 1.152-1(a)(2)(i), Income Tax Regs., provides, in part: The term "support" includes food, shelter, clothing, medical and dental care, education, and the like. Generally, the amount of an item of support will be the amount of expense incurred by the one furnishing such item. If the item of support furnished an individual is in the form of property or lodging, it will be necessary to measure the amount of such item of support in terms of its fair market value. Turecamo v. Commissioner,554 F. 2d 564, 569 (2d Cir. 1977), affg. 64 T.C. 720↩ (1975).