JOHN STEVEN DELLWO, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Dellwo v. Commissioner
Docket No. 2264-79.
United States Tax Court
T.C. Memo 1981-318; 1981 Tax Ct. Memo LEXIS 438; 42 T.C.M. (CCH) 202; T.C.M. (RIA) 81318; June 22, 1981. *438 Petitioner, an over-the-road truck driver, maintained a log-book for 1976, which documented his route, hours, and mileage for each day spent traveling. Petitioner also kept a record of the dates his trips commenced, the number of days away from home and the aggregate amount spent for food and lodging on each trip. Held, petitioner's records are insufficient to meet the substantiation requirements of section 274(d). John Steven Dellwo, pro so. Thomas E. Brever, for the respondent. IRWIN
MEMORANDUM FINDINGS OF FACT AND OPINION IRWIN, Judge: Respondent determined a deficiency of $ 447 in petitioner's Federal income tax for 1976. At issue here is the adequacy of the substantiation under section 274(d) [1] of petitioner's claimed deductions for meals and lodging expenses incurred while on business travel. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts, together with the exhibits attached thereto, are incorporated herein by this reference. Petitioner, John S. Dellwo, resided in Brooklyn Park, Minnesota, at the time the instant petition *439 was filed. Petitioner's 1976 Federal income tax return was filed with the Internal Revenue Service Center in Ogden, Utah. Petitioner is employed as an over-the-road truck driver for the Rayette Division of Faberge, Inc., driving routes in the United States and Canada. During 1976 petitioner was on the road for 168 days delivering company products to Faberge plants principally in Minnesota, New Jersey, North Carolina and California. Although the number of times petitioner would travel to particular plants on the circuit varied, the routes traveled between the plants remained constant. During the year in question petitioner kept a daily logbook as required by the Interstate Commerce Commission. The log-book provides a record (for each 24-hour period on the road) of the petitioner's destination, miles traveled, and the amount of time spent (1) driving, (2) on duty but not driving, (3) in the sleeper berth and (4) off duty. As a record of expenses incurred for food and lodging during 1976, petitioner kept a list showing the date he left on a particular trip, the number of days spent traveling and the total expenses incurred. [2] The list neither separates the items into amounts paid *440 for food and amounts paid for lodging nor records the exact date and place of each expense. Rather, a single figure for an entire trip (varying from 6 to 15 days) is provided. Although unable to produce any actual receipts for meals purchased in 1976, at trial petitioner introduced menus and receipts gathered during 1977, 1978 and 1979 from eating establishments along the same routes between the Faberge plants which he traveled in 1976. On his 1976 Federal tax return petitioner claimed a business expense deduction under section 162 of $ 3,982 for meals and lodging expenses. In the statutory *441 notice of deficiency, mailed to petitioner on December 1, 1978, respondent allowed $ 9 a day in meal expenses [3] and $ 105 in substantiated lodging expenses for the 168 travel days or a total of $ 1,617. The resulting $ 447 deficiency was reduced to $ 327 by petitioner's subsequent substantiation (by the production of hotel receipts) of an additional $ 549.88 in lodging expenses. [4]
OPINION There is no question that *442 the type of expenses claimed as a deduction by petitioner qualify as ordinary and necessary business expenses of an over-the-road truck driver under section 162(a)(2). [5] *443 If that were the only statutory hurdle we would have no hesitancy in upholding the claimed deduction as a reasonable estimation of the amount expended by petitioner for meals and lodging while traveling on business during 1976. Prior to 1962, the controlling rule of law on this issue as espoused in Cohan v. Commissioner, 39 F.2d 540 (2nd Cir. 1930) would permit such result. In that case the court held that where there was evidence that some expenses were incurred, it was error to disallow the deduction on the basis that exact amounts and other details of the expenditures could not be provided. In order to correct what it saw as abuses of this rule, Congress enacted section 274 which restricted the deduction of certain business expenses. Subsection (d) provides in relevant part that no deduction shall be allowed under section 162 or 212 for any traveling expense, including meals and lodging while away from home, unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating his own statement (1) the amount of the expense, (2) the time and place of the travel, and (3) the business purpose of the expense. Section 1.274-5(c)(2), Income Tax Regs., defines the statutory term "adequate records" as an account book, diary, statement of expense or similar record and documentary evidence which, in combination, are sufficient to establish each element of an expenditure. The account book or other record must be prepared or maintained in such manner that each recording of an expenditure is made at or near the time of the expenditure. Section 1.274-5(c)(2)(ii), Income Tax Regs. Documentary evidence such as receipts or paid bills is required for any lodging expenditure and generally for any other expenditure of $ 25 or more. Section 1.274-5(c)(2)(iii), Income Tax Regs. *444 Petitioner has produced no account book or similar record of the exact amount spent for specific meals consumed while traveling in 1976. While the general rule is that each expenditure must be separately recorded, the regulations do permit the aggregation of the daily cost of meals. Section 1.274-5(b)(2)(i), Income Tax Regs. The list of aggregate trip expenditures submitted by petitioner, however, does not comply with this exception. [6]
The log-book also does not fulfill the requirements of the regulations. [7] Although the log-book does evidence the business purpose of petitioner's trips it does not specify the time, place and amount of the expenditures as required for adequate substantiation. Section 1.274-5(b)(2), Income Tax Regs. *445 In addition, the menus and receipts gathered from petitioner's usual eating places subsequent to the year at issue clearly do not suffice. Because we find that petitioner has not produced adequate records to substantiate his claimed deductions under section 1.274-5(c)(2), Income Tax Regs., the remaining issue is whether the missing elements of the expenditures can be substantiated by other sufficient evidence under section 1.274-5(c)(3), Income Tax Regs. In order to satisfy this alternate test, the petitioner must establish each missing element (1) by his own statement, written or oral, containing specific information in detail as to such element and (2) by other corroborative evidence sufficient to establish such element. The corroborative evidence necessary to establish the cost, time, place, or date of an expenditure must be direct evidence such as written or oral statements of witnesses *446 familiar with the missing elements. Petitioner has been unable to provide by either his oral or written statement information as to the amount of each separate meal expenditure or the daily aggregate of such expenditures. Because he has failed the first prong of this test the required corroborative evidence is necessarily missing. Respondent has administratively allowed petitioner a $ 9 per day deduction for meals purchased for the 168 days on business travel in 1976 even though there has been no substantiation of these claimed expenses as required by section 274(d). Respondent's determination is presumed correct and petitioner bears the burden of proving otherwise. Welch v. Helvering, 290 U.S. 111 (1933); Rule 142 (a), Tax Court Rules of Practice and Procedure.
After carefully reviewing the records submitted at trial and the testimony of petitioner, we are compelled to conclude that the substantiation requirements of section 274(d) have not been met with regard to the additional amounts claimed by petitioner as travel expenses. Although we found the petitioner to be honest and have no doubt that his claimed deductions were justified, the legislative history of section 274(d) *447 is specific that absent a taxpayer's strict compliance with the substantiation requirements of the statute, we are precluded from independently allowing the deduction on the basis of approximation or the unsupported testimony of the taxpayer. [8]
Decision will be entered under Rule 155. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue.↩
2. Petitioner was not reimbursed by his employer for any meals and lodging expenses during 1976. Petitioner computed his meals and lodging expenses by making a notation as to the amount of money he had when each trip began and subtracting the amount remaining on his return. This list shows a total of 109 days spent traveling and total food and lodging expenses of $ 2,655. This record of expenses is apparently not complete as the parties stipulated that petitioner was on the road for 168 days and $ 3,982 was claimed as a business deduction for such items on petitioner's 1976 Federal tax return.↩
3. This amount was administratively allowed by respondent even though petitioner was unable to produce receipts for any of the claimed meal expenses. ↩
4. Petitioner has substantiated a total of $ 654.88 in lodging expenses and was allowed by respondent $ 9 a day in unsubstantiated meal expenses for a total of $ 2,166.88. Thus, the expenses finally allowed for meals and lodging averaged $ 12.89 per day whereas petitioner claimed $ 23.70 per day. The instant controversy concerns the remaining $ 1,815.12 in claimed expenses. Although petitioner has conceded his inability to produce any additional lodging receipts, he contends that additional lodging expenses were in fact incurred. Thus, an unquantifiable portion of the disallowed deduction consists of estimated lodging costs.↩
5. SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General.--There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including-- (2) traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business.
6. As discussed above, the list of total trip expenses consists of expenses for both food and lodging for periods of time ranging from 6 to 15 days. Petitioner also introduced evidence concerning government and corporate per diem rates. Although such evidence demonstrates the reasonableness of petitioner's estimates of his daily expenditures, the abrogation of the Cohan↩ rule by the enactment of section 274(d) renders this Court powerless to sustain deductions for estimated travel expenses.
7. This Court has consistently held that such log-books do not fulfill the substantiation requirements of section 274(d). Henson v. Commissioner, T.C. Memo. 1980-140; Reynolds v. Commissioner, T.C. Memo. 1979-190; Henson v. Commissioner, T.C. Memo. 1979-110; Byars v. Commissioner, T.C. Memo. 1978-467↩.
8. H. Rept. No. 1447, 87th Cong., 2nd Sess. (1962), 1962-3 C.B. 405, 427; S. Rept. No. 1881, 87th Cong., 2nd Sess. (1962) 1962-3 C.B. 707, 741. See also Ashby v. Commissioner, 50 T.C. 409 (1968); Sanford v. Commissioner, 50 T.C. 823 (1968), affd. 412 F.2d 201 (2nd Cir. 1969), cert. denied 396 U.S. 841↩ (1969).