A & F MANAGEMENT CORPORATION, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; FRANK BOSCARELLO, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
A & F Management Corp. v. Commissioner
Docket Nos. 27667-81, 27668-81.
United States Tax Court
T.C. Memo 1984-585; 1984 Tax Ct. Memo LEXIS 87; 49 T.C.M. (CCH) 16; T.C.M. (RIA) 84585; November 5, 1984. Gerald W. Phillips, for the petitioners. Stephen M. Walk, for the respondent. HAMBLEN
*89 MEMORANDUM FINDINGS OF FACT AND OPINION HAMBLEN, Judge: Respondent determined deficiencies in petitioners' Federal income taxes and imposed additions to tax as follows: Petitioner
Taxable Year Ended
Deficiency
6651(a)(1) [1]
6653(a)
A & F Management
2/29/76
$4,072.42
$203.62
Corporation
2/28/77
$4,507.63
$225.38
$239.18
Frank Boscarello
12/31/75
$3,380.04
$169.00
12/31/76
$6,776.17
$338.81
$379.51
12/31/77
$1,377.62
134.79
$250.98 After concessions, the issues for decision are: (1) whether petitioner A & F Management Corporation ("A & F") is entitled to deductions in excess of the amount allowed by respondent; (2) whether petitioner Frank Boscarello ("Frank") has additional gross income attributable to payments made to him or for his benefit by A & F; (3) whether assessment and collection of the deficiencies in Frank's tax for 1975 and 1977 is barred by the statute of limitations; (4) whether Frank *90 is subject to the addition to tax under section 6651(a)(1) for failure to file a timely Federal income tax return for 1977; and (5) whether A & F and Frank are subject to the additions to tax for negligence or intentional disregard of the rules and regulations under section 6653(a). FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. The stipulation of facts and attached exhibits are incorporated herein by this reference. A & F was an Ohio corporation with its principal place of business in Cleveland, Ohio, when its petition was filed in this case. Frank resided in North Olmsted, Ohio, when he filed his petition in this case. The notices of deficiency in this case were issued to petitioners on August 11, 1981. A & F filed a Form 1120, U.S. Corporation Income Tax Return, for each of the years at issue. Frank filed a Form 1040, U.S. Individual Income Tax Return, for each of the years at issue. [2] In addition, Frank filed a Form 1040X, Amended U.S. Individual Income Tax Return, for 1975. [3] The Form 1040 for 1975 was filed on June 3, 1976. This return disclosed total gross income of $10,901.00. The Form 1040 for 1977 was marked *91 "Received August 17, 1978." The return bears Frank's signature, and the date April 30, 1978, follows his signature. Prior to filing the return, Frank had submitted a Form 4868 requesting an extension to file until June 15, 1978. All of the returns and any related extension requests were prepared by certified public accountants. The accounting records of A & F were compiled and prepared by bookkeepers from source information provided by A & F. This source information included cancelled checks, ledgers, bank statements, commission statements, and receipts to support expenditures which were not otherwise identifiable. Many of the cancelled checks were payable to "cash" and endorsed by Frank or Dino Boscarello. Nancy Irvine ("Nancy"), Frank's daughter, maintained this source information until it was given to the bookkeepers. A & F operated a freight brokerage business. That business entails *92 locating companies which need freight transported and operators who have the equipment necessary to transport freight. To facilitate business operations A & F entertained and provided benefits for personnel of customers and operators. Frank was the sole shareholder and principal officer of A & F. His responsibilities included soliciting customers, sales, and general supervision of operations. The expenses incurred by Frank in fulfilling these responsibilities were paid by the corporation. In addition A & F paid for Frank's lease of an automobile. Frank used the leased automobile for both business and personal purposes. OPINION We must first consider petitioners' claim that A & F is entitled to deductions for travel and entertainment expenses, promotional expenses, automobile and truck expenses, commissions, and office supply and miscellaneous expenses in excess of the amount allowed by respondent. [4] Our finding as to the deductibility of the amounts claimed by A & F as operating expenses will determine the deductibility of the net operating loss claimed by A & F for 1977. *93 Deductions are a matter of legislative grace. New Colonial Ice. Co. v. Helvering,292 U.S. 435, 440 (1934). Respondent's determinations are presumptively correct, and the burden of proof rests with petitioners. Welch v. Helvering,290 U.S. 111, 115 (1933); Rule 142(a). Generally, if petitioners can establish that some deductible expenditures have been made, absolute certainty is not required and the Court may approximate the allowable deductions "bearing heavily if it chooses upon the taxpayer whose inexactitude is of his own making." Cohan v. Commissioner,39 F.2d 540, 543-544 (2d Cir. 1930). However, the rule of Cohan v. Commissioner is inapplicable to those situations where section 274 applies. Sanford v. Commissioner,50 T.C. 823, 828 (1968), affd. 412 F.2d 201 (2d Cir. 1969), cert. denied 396 U.S. 841 (1969). Section 274(d) provides that entertainment expenses, gifts, and certain travel costs are not allowable as deductions: [U]nless the taxpayer substantiates by adequate records or by sufficient evidence corroborating his own statement (A) the amount of such *94 expense or other item, (B) the time and place of the travel, entertainment * * * or the date and description of the gift, (C) the business purpose of the expense or other item, and (D) the business relationship to the taxpayer of persons entertained, * * * or receiving the gift * * *. The Secretary of the Treasury is authorized to promulgate regulations to effect the purpose of section 274. Sec. 274(i). Pursuant to such authority the Secretary promulgated section 1.274-5(c)(2), Income Tax Regs., which describes adequate records as "an account book, diary, statement of expense or similar record" to establish each element enumerated in section 274(d). If such records were once in the possession of the taxpayer but are destroyed by a casualty beyond his control, the taxpayer may reasonably reconstruct such records. Gizzi v. Commissioner,65 T.C. 342, 345 (1975). In the alternative the taxpayer may establish each element of the expenditure enumerated in section 274(d) by his own statement providing specific detail as to each element in addition to other corroborative evidence. Sec. 1.274-5(c)(3), Income Tax Regs.
In the instant case, petitioners have *95 presented testimony receipts and cancelled checks to support their position that A & F is entitled to deductions in excess of those allowed by respondent. Although this evidence is not sufficient to meet petitioners' burden of proof as to the full amount of the deductions, it is sufficient to show that A & F had some deductible expenditures in excess of those allowed by respondent. Frank testified that checks in the aggregate amount of $433.20 represented expenditures for supplies and miscellaneous expenses, and Frank was able to specifically identify some of the items and services purchased. In addition Frank testified that a $450.00 payment to Tempo Products in 1977 which was originally designated as a gift was actually a payment for damaged freight. Although Frank's estimony was in part vague, we generally found him to be a candid and forthright witness. Consequently, we find as a fact that A & F paid deductible amounts of $433.20 in 1976 and $450.00 in 1977 for supplies and miscellaneous expenses in addition to the amounts allowed by respondent. Frank also testified that A & F paid for an automobile leased for business purposes. This automobile was also used by *96 Frank for personal travel and commuting. Respondent allowed as a deduction for business use approximately 79 percent of the automobile expenses claimed by A & F for 1977, and petitioners have not presented any evidence that A & F had deductible expenditures in excess of this amount. However, petitioners have submitted sufficient evidence to show that A & F had deductible automobile expenses in excess of the amount allowed by respondent for 1976. Petitioners produced receipts and cancelled checks showing automobile related expenditures for 1976 in the amount of $2,027.25. Respondent allowed a deduction for only $144.02 of this amount. Based on the proportion of claimed automobile expenses permitted by respondent for 1977, we have determined that this amount should be increased by $1,457.51. Finally, petitioners claim that A& F is entitled to deductions for entertainment and gifts in excess of the amounts allowed by respondent. Deductions for these expenses are subject to the substantiation requirements of section 274(d). Frank testified that expenditures were made in 1976 and 1977 for business meals, entertainment activities, and business gifts in excess of those *97 allowed by respondent. However, Frank was unable to satisfy all of the requirements of section 274(d) and section 1.274-5(c), Income Tax Regs., through his testimony. Petitioners argue, however, that the evidence that they offer is sufficient to meet the requirements of section 274(d) and section 1.274-5(c)(5), Income Tax Regs., because a portion of A & F's records were destroyed by a casualty beyond its control. This exception to the general substantiation requirements is available where the taxpayer once had adequate records which were destroyed by a casualty beyond the taxpayer's control, and the exception permits the taxpayer to substantiate a deduction by reasonable reconstruction of his expenditures. In the instant case it is clear that the recordkeeping requirements were never met. The only records which were maintained for these expenses were receipts and cancelled checks. None of the documents submitted into evidence met all of the elements of section 274(d) nor did Frank's testimony indicate that any of the materials that were destroyed contained this information. Consequently, we will not permit petitioners to attempt to reconstruct A & F's records without satisfying *98 each element of section 274(d).Petitioners have not done so here, and we cannot allow a deduction for any of the expenses claimed by A & F for entertainment and gifts. Using our best judgment and on the basis of the record before us, we find that A & F has deductions in addition to those permitted by respondent in the following amounts: 1976
1977
Office Supplies and
$433.20
$450.00
Miscellaneous Expenses
Automobile and Truck Expenses
$1,457.51
Our finding as to the amount of allowable expenses for 1976 requires that we sustain respondent's determination that A & F is not entitled to a net operating loss deduction under section 172 for 1977. After adjusting respondent's determination for the additional expenses allowed, A & F's taxable income for 1976, without consideration of the net operating loss carryover from 1974, is in excess of $20,000.00. This amount is offset by the net operating loss carryover from 1974 which is fully exhausted in 1976. We must next consider whether Frank has additional gross income for 1975, 1976, and 1977. Respondent determined that the deductions which he disallowed for A & F, other than the net operating *99 loss deduction, represented additional gross income to Frank. Respondent maintains that the disallowed items were paid to or inured to the personal benefit of Frank. Payment of corporate funds to a shareholder of the corporation will result in additional income to the shareholder where the shareholder "received money over which he had complete control, and which took as his own, treated as his own, and which resulted in economic value to him." Weir v. Commissioner,283 F.2d 675, 684-685 (6th Cir. 1960). Moreover, expenditures made by a corporation for the personal benefit of its shareholders may result in the receipt of income by the shareholders. Cirelli v. Commissioner,82 T.C. 335, 351 (1984); Henry Schwartz Corp. v. Commissioner,60 T.C. 728, 743-744 (1973); Ashby v. Commissioner,50 T.C. 409, 417 (1968). However, the corporation's failure to meet the requirements of section 274, alone, does not convert a business related expenditure into an expenditure for the benefit of the shareholders. Foster v. Commissioner,80 T.C. 34, 235 (1983); Henry Schwartz Corp. v. Commissioner,supra at 744. *100 The shareholders must present some proof that expenditures made by the corporation were not made for his personal benefit. Foster v. Commissioner,supra at 235. However, "[t]he law imposes much less of a burden upon a taxpayer who is called upon to prove a negative--that he did not receive the income which the Commissioner claims--than it imposes on a taxpayer who is attempting to sustain a deduction on his income tax return." Weir v. Commissioner,supra at 679. In the instant case petitioners assert that all of the operating expense deductions claimed by A & F but disallowed by respondent were "business" expenses of A & F which are not includible in Frank's income. Frank generally testified that all of the checks representing expenses disallowed by respondent were "business" related. While we generally found that Frank was a credible witness, his testimony indicates that some of the expenses which he categorized as business expenses were actually personal in nature. [5] Frank did not testify that he received no personal benefit from these expenditures. *101 It is clear from the record that some of these expenditures in fact were made for the personal benefit of Frank and that a portion of the checks issued on the corporate checking account resulted in economic value to Frank. Many of these checks were payable to "cash" and endorsed by Frank indicating that Frank had unfettered control over these funds. Although petitioners have demonstrated that some of these amounts clearly represent payment for business expenditures of the corporation made on behalf of the corporation by Frank, they have not sufficiently demonstrated that all of these checks were for business expenditures of the corporation. Consequently, we find that Frank realized additional income from payments made by A & F for his personal benefit in the following amounts: 1975
$10,000.00
1976
$19,000.00
1977
$ 1,000.00
Cohan v. Commissioner,supra.[6]
*102 We must next consider whether the notice of deficiency issued to Frank was timely for 1975 and 1977. Section 6501(a) states that, "[e]xcept as otherwise provided in this section, the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed * * *." Section 6501(e)(1) provides an exception to the general rule where a taxpayer files a return that omits in excess of 25 percent of the gross income required to be shown on the return. In such circumstances the tax may be assessed at any time within 6 years after the return was filed. Petitioner bears the burden of proving that the statutory period under section 6501(a) has expired. Refiners Production Co. v. Commissioner,43 B.T.A. 481, 492 (1941). However, respondent bears the burden of proving that the exception under section 6501(e)(1) is applicable once the normal statutory period has expired. Burbage v. Commissioner,82 T.C. 546, 553 (1984). Respondent submitted into evidence copies of Frank's Form 1040, U.S. Individual Income Tax Return, for 1975 and 1977. The Form 1040 for 1977 is signed by Frank with the date "4/30/78" immediately following *103 his signature. The first page of the 1972 Form 1040 bears the notation "Received August 17, 1978." The notice of deficiency was issued on August 11, 1981, within three years of the date the Form 1040 for 1977 was stamped received but more than three years after the date following Frank's signature. Petitioners claim that Frank's Form 1040 for 1977 was filed on April 30, 1978, and that the statutory period under section 6501(a) had expired on the date that the notice of deficiency was issued. In support of this claim, Frank testified that the Form 1040 for 1977 should have been mailed on April 30, 1978, the date following his signature. Frank testified that he did not personally mail the return. Nancy testified that she normally mailed Frank's returns. However, Nancy could not recall mailing Frank's Form 1040 for 1977. The testimony offered by petitioners does not establish the date on which Frank's 1040 for 1977 was mailed, and in the absence of any other proof offered by petitioners on this issue we must find that petitioners have failed to meet their burden of proof. Consequently, we find that respondent's notice of deficiency with respect to 1977 was timely. *104 Respondent does not dispute that the notice of deficiency was not issued within the statutory period prescribed by section 6501(a) with respect to 1975. However, respondent asserts that the extended period of limitations under section 6501(e)(1) is applicable with respect to 1975. The evidence in the record establishes that Frank failed to report $10,000.00 of additional gross income on his Form 1040 for 1975. The extended period of limitations is applicable where a taxpayer omits an amount from gross income which is in excess of 25 percent of the gross income stated on the return. This threshold amount in the case of Frank's 1975 taxable year would be $2,725.25. The amount which Frank failed to report is in excess of 25 percent of the amount of gross income stated on his Form 1040 for 1975, and the six year limitation period under section 6501(e)(1)is applicable. Frank filed his Form 1040 for 1975 on June 3, 1976. The notice of deficiency was issued on August 11, 1981, less than six years after the date Frank's Form 1040 for 1975 was filed. Consequently, on the basis of this record, we find that respondent's notice of deficiency with respect to 1975 was timely. *105 We must next consider whether Frank is subject to the addition to the tax under section 6651(a)(1) for failure to file a timely Federal income tax return for 1977. The due date for filing this return, including extensions, was June 15, 1978. Petitioners maintain that this return was signed and mailed on April 30, 1978. The Form 1040 is stamped as received on August 17, 1978. As discussed supra, petitioners have not sustained their burden of proving that the Form 1040 for 1977 was filed prior to August 17, 1978. Consequently, we must sustain respondent's determination as to the addition to the tax under section 6651(a)(1). Finally, we must consider the issue of whether A & F and Frank are subject to the addition to tax for negligence or intentional disregard of the rules and regulations under section 6653(a). Respondent's determination that a part of the underpayment for each year was due to negligence is presumptively correct, and petitioners have the burden of rebutting this presumption by showing that they used due care. Magill v. Commissioner,70 T.C. 465, 479 (1978). Petitioners "cannot avoid [their] duty to file accurate returnssimply *106 by shifting the responsibility to [their] agents." Enoch v. Commissioner,57 T.C. 781, 802 (1972). Where petitioners rely on the advice of an agent, they must show that they supplied the correct information to the agent. Enoch v. Commissioner,supra at 803. In the instant case, petitioners assert that neither Frank nor A & F is subject to the addition to the tax under section 6653(a) because they relied on the expertise and advice of accountants. Each of the returns for the years at issue was prepared by a certified public accountant. In addition A & F retained bookkeepers who compiled and prepared the books and records for the corporation. Nancy dealt with the individuals handling accounting matters for the corporation, and she testified that all receipts, bank statements and other records were given to the bookkeepers who would classify these records according to category. The accountants and the bookkeepers did not testify at the trial of this case. Considering the vague and uncertain character of Nancy's testimony and petitioners' failure to call any witnesses who could corroborate Nancy's testimony, we cannot find as a fact that A *107 & F supplied its tax return preparer with the correct information. Consequently, we must sustain respondent's determination that A & F's underpayments for each of the years at issue were due to negligence or intentional disregard of the rules and regulations. Our determination as to A & F necessarily also requires a determination that Frank's underpayments for the years at issue were due to negligence or intentional disregard of the rules and regulations. All of Frank's underpayments in the years at issue resulted from failure to report additional income attributable to payments made by A & F. Frank, as sole shareholder and principal officer of A & F, was ultimately responsible for insuring that the tax return preparers received the correct information relating to the corporation and that his proper tax liability could be computed from this information. We have found that petitioners did not meet their burden of proving that A & F supplied the correct information to the tax return preparers, and we must sustain respondent's determination that Frank's under-payments for each of the years at issue were due to negligence or intentional disregard of the rules and regulations.
*108 In conclusion, we think it appropriate to relate that the parties were advised that this case should be settled. After rendering the opinion herein, it is abundantly clear to this Court that this advice should have been heeded. The settlement process was the appropriate method to dispose of this case. If this process had been followed on a common sense basis, the resources of the parties and of the Court would have been better utilized and preserved. To reflect the foregoing, Decisions will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the taxable years at issue. All rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Frank filed joint Federal income tax returns with Carol Boscarello for years 1975 and 1976 and filed an individual Federal income tax return for 1977. Carol Boscarello is not a party to this action. ↩
3. The amended return was filed to claim an additional exemption under sec. 151(e).↩
4. In the alternative petitioners argue that any amounts paid to or for the benefit of Frank represent additional compensation to him. Frank testified that he had a compensation arrangement with A & F which included salary and reimbursement for business expenses. However, petitioners have presented no evidence to show that any amounts in excess of those allowed by respondent represented additional compensation to Frank, and we have not otherwise considered this claim.↩
5. For example, Frank testified that all payments made by A & F for the automobile used by Frank were "business" expenditures.However, Frank also testified that the automobile was used for commuting, clearly a personal use.↩
6. Although not characterized as such by respondent, the record indicates that these payments are includible in Frank's income as a distribution with respect to his stock under section 301. As petitioners presented no evidence that these payments were not made from current or accumulated earnings and profits, the full amount of these payments are dividends as defined by section 316(a).↩